## Alberty Fread et al. v. Charles L. Hoag et al.

### Gen. No. 4,601.

1. APPEAL—*what waives motion to dismiss.* A motion to dismiss an appeal for irregularities in perfecting the same is waived by filing a brief to the merits.

2. SOLICITOR'S FEES—*what does not preclude apportionment of.* The failure of a bill for partition to pray for a partition of the entire land of the parties in interest and a slight inaccuracy contained in the bill with respect to the description of the property sought to be partitioned, will not preclude the apportionment of solicitor's fees and their allowance to the complainant, where the defense interposed accomplished nothing more than to point out the inaccuracy in such description.

3. SOLICITOR'S FEES—*power of court to allow, to defendants in partition suit.* A court of chancery in a partition proceeding is without power to allow a solicitor's fee to a defendant who has filed an answer setting up no substantial defense; and the filing of an unnecessary cross-bill does not confer such power.

Bill in equity. Appeal from the Circuit Court of LaSalle county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 13, 1907.

FOWLER BROS., for appellants.

A. J. WILLIAMSON and H. M. KELLY, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Alberty Fread, Estella Wickett and Leah Morrell, a minor, by her next friend, filed a bill in equity for the partition of real estate left by Charles H. Hoag, their ancestor, who had died intestate, leaving about two hundred and thirty acres of farm land, besides village lots, all in LaSalle county. On the first day of the term of court to which the bill was filed, defendants filed an answer, and all the defendants, except the administrator, also filed a cross-bill for partition. The court denied a motion by complainants to strike the cross-bill from the files, and overruled their demurrer to said cross-bill, and the original complainants answered it under protest, denying in such answer the right to file such a cross-bill. Three days after the answer and cross-bill by defendants were filed, the complainants filed an amendment to their bill. The cause was referred to the master to report proofs and conclusions, and he reported that partition should be made pursuant to the prayer of the bill. A decree of partition was then entered which found that all the material allegations contained in the bill were true and that partition ought to be made. There was a decree of sale, and a sale for $24,576.19, which was approved. Before any decree had been entered, cross-complainants had filed a petition for the allowance of solicitor's fees to them, and in the original reference to the master to report proofs and conclusions the matter of solicitor's fees to cross-complainants had been included, but in the report on the merits made soon

thereafter the master reserved the question of solicitor's fees. During the proceedings such steps were taken that the court appointed another attorney guardian *ad litem* for Leah Morrell, and he filed an answer for her which was practically an answer to both the original bill and the cross-bill, so that she apparently ceased to occupy the position of a complainant. After the sale had been approved the complainants, Alberty Fread and Estella Wickett, filed a petition requesting an allowance to them for solicitor's fees, and it was referred to the master to take and report proofs only. The matter of solicitor's fees was then before the master upon a reference to take and report proofs and conclusions as to the application of cross-complainants, and to take and report proofs without conclusions as to the original complainants. He took proofs and reported them with certain conclusions. He reported that cross-complainants were not entitled to solicitor's fees, and that defendants to the original bill had a good defense thereto. Each side filed objections before the master, which the master overruled and which stood as exceptions on the hearing before the court. The objection by the complainants in the original bill was to the finding of the master that the defendants had a good defense to the bill. The objection by the cross-complainants was to the finding by the master that there was no warrant of law for the allowance of solicitor's fees to cross-complainants. These were heard before another judge than the one who entered the decrees of partition and sale. The court sustained the exceptions of the cross-complainants, and overruled the exceptions of the original complainants, and made findings under which the original complainants could not be entitled to solicitor's fees, and then awarded them $300 solicitor's fees, and directed that $125 thereof should be paid out of the shares of the three original complainants and $175 out of the shares of the original defendants, and awarded to cross-complainants solicitor's fees in the sum of $700 and directed that it be

paid out of the shares of the cross-complainants, defendants to the original bill. These fees were directed paid to the respective solicitors, which was erroneous. McMullen v. Reynolds, 209 Ill. 504.

The record recites that "complainant in original bill" prayed and was granted an appeal, which it is argued was imperfect as not specifying which complainant was meant. At the same term and within the time fixed for filing the appeal bond the complainants, using the plural number, asked and were granted an extension of time in which to file their appeal bond, and within the time of that extension Alberty Fread and Estella Wickett filed an appeal bond, with sureties, which was approved. We originally dismissed this appeal for defects, on motion of appellees, but we afterwards found that appellees had filed briefs arguing the merits on the same day the motion was entered, and before we had taken action thereon. They had thereby joined in error (Truesdale v. Ford, 40 Ill. 80; Ferrias v. People, 71 Ill. App. 559), and were thereby precluded from a motion to dismiss the appeal. Matson v. Connelly, 24 Ill. 142; Brockway v. Rowley, 66 Ill. 99.

They had also assigned cross errors, claiming the entire $1,000. We therefore vacated the dismissal and permitted the cause to proceed upon the issues so made.

Section 40 of the Partition Act provides that in partition cases, "when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to such bill or petition." The original bill for partition correctly set forth the rights and interests of all the parties in interest, unless the slight omissions and inaccuracies hereinafter stated can be

considered a failure in that respect. The answer of the defendants did not set up any defense, but it called attention to such errors and omissions. The amendment to the bill obviated all just objections. We have carefully examined and considered the several descriptions found in the bill, answer and decree. As to nearly all the land the description in the original bill is correct. The testator owned a part of lot 15 in Hoag's addition to the village of Serena. That was omitted from the original bill, and was stated in the answer. But the statute does not in terms require that a bill shall ask partition of all the real estate owned by the parties, and it is not a defense to such a bill that it does not include all real estate jointly owned. If it was omitted for the purpose of making extra costs or for any improper purpose, its omission might justify a refusal to allow solicitor's fees. But this was a fragment of a lot of very slight value. It sold for $11. The only other complaint relates to a tract of sixteen acres and a fraction. Both the original bill and the answer described it by describing nineteen acres and a fraction, and taking therefrom three acres and a fraction. As we understand it, the description in the original bill took the three acres from the south end of the piece, and the description in the answer and cross-bill took it from the east side of the piece, while the master's report and the decree adopted a simpler description than either, but one which accorded more nearly with the answer and with the amendment to the bill than with the original bill. By excluding the wrong part of the entire piece described, the original bill omitted three acres and a fraction which the ancestor owned at his death, and took in a like quantity of land which he did not own. This is the only substantial defect in the original bill, and it was cured by the amendment. A piece of this ground containing about one-third of an acre was occupied by a church society under a lease from deceased for the purpose of a meeting house for religious purposes, with a provision that

if the house should be removed the lease should cease. This was not stated in the original bill, but was stated in the answer and cross-bill. The cross-bill did not bring in the trustees of the society, so as to bind them. By the amendment to the bill, they were made defendants, and complainants got them into court with an answer. This meeting house was notice of the rights of the church to every intending purchaser. The bill called for a sale of the ground, and a decree thereunder and a sale would have carried all the title of the heirs, and it is not likely that the land brought a dollar more at the sale because the perpetual rights of the church in this fraction of an acre were defined by the decree.

The bill involved nearly 230 acres of land. The only error of any moment in the original bill was an error in description, by which three acres and a fraction were omitted and a like quantity not owned by the parties was included. Should complainants lose their solicitor's fees on that account? As compared with the amount of land to be sold, the amount of land covered by the error was slight. The proof shows that complainants' solicitor knew of the errors several weeks before the term to which the suit was returnable and that he designed to amend and cure the defect. Whether he learned of the defect from an attorney who afterwards appeared as one of the solicitors for the cross-complainants, or whether he got that information from some other source, and whether complainants' solicitor told said other solicitor some weeks before the return day that he was going to amend, were disputed questions. But we think the proof shows the correction would have been made if no answer had been filed. The answer was filed on the first day of the term and before court convened and the cross-bill was filed on the same day. Under this statute there are frequently struggles between the solicitors for different heirs as to which shall first file a bill for partition, so as to avail of the advantages the act gives to the solicitors filing such bill. It may be section 40 ought to be amended or

repealed, but we can only enforce it in proper cases, without regard to any question whether courtesy between heirs or solicitors should have led them to a different course. Under all the circumstances shown by this record, we do not think this error in description, slight in effect as compared with the total land involved, and which complainants' solicitor knew and designed to correct, rendered it necessary for defendants to employ other solicitors and file an answer. So far as we are able to see, complainants' solicitors have acted equally for the benefit of all parties, and defendants had no need to file an answer or a cross-bill in order to secure these slight corrections. We think that under the principle stated in Habberton v. Habberton, 156 Ill. 444, complainants were entitled to an allowance for solicitor's fees under the statute. In Tatro v. Tatro, 74 Ill. App. 189, speaking upon this subject, we said: ''We think there is no merit in the claim that no part of the solicitors' fees should have been taxed against appellants because the original bill filed in the cause contained an improper description of the property. An amended bill was filed in apt time correcting the description, and we cannot see that the employment of counsel by appellants was necessary to protect their rights. They got the benefit of the services of complainant's solicitors, and it would seem but right they should pay a just proportion of their fees.''

Each witness fixed the value of the services at $1,000 and that was the total sum the court distributed among the attorneys. The court is not bound by the opinions given by the witnesses on that subject. Lee v. Lomax, 219 Ill. 218. No defense was interposed and there was no difficulties in the case. We conclude $700 a reasonable allowance. Complainants' appeal bond limited the appeal to the order allowing cross-complainants' solicitors $700, but the prayer and order for the appeal was general and was from the entire order. The order was not severable but related

to a single subject. It fixed the reasonable solicitors' fees at $1,000 and divided that sum between the solicitors for complainants and the solicitors for defendants. Complainants ask us to allow them the entire sum. We hold that the entire order is before us.

Even if complainants were held not entitled to an allowance for solicitors' fees because of the defects stated, still there was no propriety in filing the cross-bill. The intention of section 40 of the Partition Act is that if complainants correctly describe the rights and interests of the respective parties, and if no substantial defense is set up, and if complainants' solicitors conduct the proceedings fairly and for the interests of all parties alike, so that defendants do not need another solicitor to protect their rights and interests, then a reasonable solicitors' fee shall be allowed complainants and apportioned among the parties so that each shall bear his equitable portion thereof; while, if the bill of complaint substantially fails to meet these requirements, or if a substantial defense is interposed in good faith, then no solicitors' fees shall be allowed out of the common fund. The cross-bill should have been eliminated, and even if the answer had been necessary and had set up a valid defense, yet the court had no authority to make an allowance for solicitors' fees to defendants, and did not acquire that authority by entertaining an unnecessary cross-bill.

The entire order as to solicitors' fees will be reversed, and the cause will be remanded with directions to fix the reasonable solicitors' fee at $700 and to allow the same to the complainants, and to apportion the same among the several parties according to their several interests in the premises as established by the partition decree.

*Reversed and remanded, with directions.*