Lucille Finlen et al., Appellees, v. Julia Foster et al.,
Appellants.

Gen. No. 6,566.

1. PARTITION, § 119*—*when right to have solicitor's fees taxed as costs is not defeated.* The fact that the original bill in a partition suit was defective does not defeat the right of complainants to have solicitor's fees taxed as costs, where such defects were corrected in an amended bill by complainants on their own accord before the matter was brought to their attention by the pleading of the opposite party.

2. PARTITION, § 29*—*who are necessary parties to suit.* The owners and holders of notes secured by trust deeds to an undivided interest in real estate are necessary parties in partition proceedings.

3. PARTITION, § 29*—*when holder of note secured by trust deed should be made party by description of unknown owner of note.* If it is impossible for the complainant in partition proceedings to find out who is the owner of a note secured by a trust deed covering an undivided interest in the land, he should be made a party by the description of unknown owner of the note.

4. PARTITION, § 119*—*when no right to have solicitor's fees taxed as costs exists.* Complainants are not entitled to have solicitor's fees taxed as costs in partition proceedings where they fail, in their amended bill, to make the owners and holders of notes secured by a trust deed to an undivided interest in the land parties, and they fail to correctly state the interests of the defendants, necessitating the employment of counsel by them to protect their rights.

5. APPEAL AND ERROR, § 855*—*what must be embodied in certificate of evidence for purpose of review.* Alleged improper conduct and motives of solicitors for the defendants in the conduct of the defense to a partition suit will not be considered on appeal where such facts were not proved in the trial court and embodied in the certificate of evidence.

6. APPEAL AND ERROR, § 1069*—*what constitutes joinder in error.* The filing of a brief by appellees is the equivalent of a joinder in error.

7. APPEAL AND ERROR, § 1694*—*when right to move to dismiss appeal is waived.* By joining in error complainants and appellees waive the right to move to dismiss an appeal by several defendants in a partition suit from an order that solicitor's fees be taxed

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCXI 39

as costs against the interests of all the defendants having title as tenants in common to the property partitioned and sold, on the ground that there was no judgment against all of the defendants as recited in the bond, but against a lesser number, and because certain of the defendants who assigned errors were not injured by the order and, hence, that if errors were not well assigned as to part of the defendants they were bad as to all.

8. Appeal and error, § 1075*—*when some of appellants should be permitted to assign additional errors.* Where there are errors which affect only some of the appellants in a case, the appellants affected by those other errors should be permitted to assign additional errors separate from the other appellants.

Appeal from the Circuit Court of La Salle county; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the April term, 1918. Reversed. Opinion filed July 25, 1918. *Certiorari* denied by Supreme Court (making opinion final).

Corlett & Clare, for appellants.

H. M. Kelly, for appellees.

Mr. Presiding Justice Dibell delivered the opinion of the court.

On April 25, 1894, Patrick Keenan, Sr., died intestate, the owner of a farm in La Salle county and leaving him surviving his widow, and Julia Foster, Sabina Coughlin, Margaret Walsh, Alice Keenan, Patrick Keenan, Jr. and William J. Keenan, his children, each entitled to an undivided one-seventh of said real estate, and the widow of Thomas Keenan, a son of Patrick Keenan, Sr., who had previously died, and also Lucille Finlen and Maggie Keenan, children of said Thomas Keenan, each owning one-fourteenth of said real estate. On May 25, 1917, Lucille Finlen and Maggie Keenan filed a bill for partition of said land against the other owners and other persons. There was much pleading, including answers and a cross-bill and answers thereto, and finally a sale of the premises by a master. As soon as the master's report of sale was

approved, complainants petitioned the court to have their solicitor's fees fixed and taxed as costs and paid out of the proceeds of the sale. This was resisted by certain defendants, and there was a hearing, and the petition was granted and solicitor's fees were allowed to the complainants to be taxed as costs against all those interested in the real estate. Certain defendants appealed from that order and preserved the evidence upon which it was based.

Section 6 of the Partition Act (J. & A. ¶ 8319) requires every person having any interest in the premises, who is not a petitioner, to be made a defendant, and sections 7 and 8 (J. & A. ¶¶ 8320, 8321) provide for making unknown parties defendant. Section 10 (J. & A. ¶ 8323) provides that such unknown owners or parties in interest may be notified by publication as in chancery. Section 40 (J. & A. ¶ 8353) provides that when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including solicitor's fees, among the parties in interest, so that each party shall pay his or her equitable portion unless a good and substantial defense is interposed. The question when solicitor's fees should be taxed as costs and paid out of the fund under these statutory provisions has been frequently discussed in this State. *McMullen v. Reynolds,* 209 Ill. 504, reviews some of the cases. In *Hynes v. Jennings,* 262 Ill. 268, on p. 276, the court says that the true rule is that when the bill correctly sets up the rights and interests of the parties and the suit is an amicable one, the statute authorizes the taxing of a fee; but where the attitude of the complainants towards the defendants is hostile so that defendants are required to employ counsel, it would be inequitable to make them also pay solicitor's fees for the complainants. In *Mansfield v. Wallace,* 217 Ill. 610, where the rights and interests of all the parties were not properly set forth, but necessary parties were

omitted, it was held error to tax complainants' solicitor's fees as costs. That such taxation should only be allowed where the proceedings are amicable is held in *Kilgour v. Crawford,* 51 Ill. 249, and *Jones v. Young,* 228 Ill. 374. Appellees contend that they were entitled to this allowance under said statutes and authorities. Appellants contend that complainants did not set forth the interests of the several parties correctly; that necessary parties were omitted; that the suit was not amicable, and that it was necessary for the other owners to employ counsel to properly set forth their respective interests and to bring in omitted parties, so that the interests of the defendant owners would be properly protected.

The original bill was seriously defective. On May 31, 1917, six days after the original bill was filed, and on *ex parte* leave of court, complainants filed an amended bill in which some of the defects of the original bill were cured. We are of opinion that where complainants in a partition bill correct such defects of their own accord before the matter is brought to their attention by the pleading of the opposite party, the defects should not defeat solicitor's fees. *Fread v. Hoag,* 132 Ill. App. 233. Therefore, the question as to the sufficiency of the bill in this case is to be determined by the amended bill.

The amended bill alleged that on April 18, 1917, defendant William J. Keenan conveyed his interest in said real estate to James M. O'Toole, trustee, to secure the payment of $1,500, evidenced by three notes aggregating that sum, made by said William J. Keenan and his wife, payable to their order and by them indorsed in blank, due on or before 2 years from date, with interest at six per cent. per annum, and that complainants do not know who is the legal owner of said notes. The amended bill made O'Toole, as trustee, a defendant, but did not make the owner or owners of those notes parties defendant. A material question is

whether the owner of those notes was a necessary party in this partition suit. Mortgagees have been held necessary parties to partition suits in this State in numerous cases, contrary to the holding in some other States where the partition statute differs from ours. In *Loomis v. Riley,* 24 Ill. 307, a former partition suit was involved. It was argued there that a mortgagee was not a necessary or even a proper party to a suit for partition. It was held that the statute required mortgagees to be made parties in such a case. This was repeated in *Cheney v. Ricks,* 168 Ill. 533, where it was held necessary that the decree should determine the rights and interests of the mortgagees and to so direct partition as to preserve the interests of all such parties. Attention is there called to the statute which would transfer the lien of the mortgage to the portion assigned to the mortgagor, and we think the implication is that the mortgagee is a necessary party because that effect would not follow if the mortgagee was not a party and so not bound by the decree. This necessity that mortgagees should be parties in partition suits is also shown in *Kilgour v. Crawford, supra; Mansfield v. Wallace, supra,* and *Barr v. Barr,* 273 Ill. 621. In modern business transactions the practice has arisen of making notes payable to the order of the maker and by him indorsed and delivered, and securing the same by a deed of real estate to a trustee, who very often does not know that he has been named as trustee and does not know who holds the notes secured thereby. In *Scanlan v. Cobb,* 85 Ill. 296, a suit in equity, it was held that both the trustee and also the beneficiary in such an instrument have equitable interests to be affected by the decree and are therefore necessary parties. In that case Goodman was the owner of a note secured by such a deed of trust, and the trustee was a party but Goodman was not, and his omission was held to be an error. In *Clark v. Manning,* 95 Ill. 580, a mechanic's lien suit, the owner

of the indebtedness secured by a deed of trust was held to be an indispensable party. To the same effect is *McGraw v. Bayard*, 96 Ill. 146. *Vogle v. Brown*, 120 Ill. 338, involved a previous partition suit in which there had been a trust deed to Emery to secure money borrowed from Brown, evidenced by a note owned by him. Emery had been made a defendant in the partition suit, but Brown had not. It was held that on this account the partition decree was manifestly erroneous, and that Brown, not having been made a party to the suit, was not bound thereby. In *Bannon v. Thayer*, 124 Ill. 451, there was a similar trust deed securing a like note owned by Thayer, who filed a bill to foreclose the trust deed. Bannon relied on a certain mechanic's lien proceeding to defeat the foreclosure. Thayer had not been a party to that proceeding and he was held not bound by the decree in the mechanic's lien suit because he was a necessary party thereto and had been omitted. In *Dubs v. Egli*, 167 Ill. 514, it was held that in suits respecting trust property the trustee and the beneficiary are necessary parties, the trustee because he holds the legal interest, and the beneficiary because he has the equitable and ultimate interest to be affected by the decree. We therefore hold that the owners and holders of said three notes were necessary parties. There were some obvious sources of information as to the holder open to the complainants. Sometimes the trustee in such a trust deed knows who the owner is, and the proof shows that O'Toole, the trustee, was an employee in the courthouse where this bill was filed. The maker may have known who held the note, and he was a relative of the complainants, and if any diligence was required from the complainants to learn the names of the parties in interest then that source of information should have been resorted to or proof made excusing it. But if it was sufficient for complainants to aver that they did not know who the holder was, then it was their duty to make the un-

known owner a party defendant and take the statutory steps to bring him into court. In *Bannon v. Thayer, supra,* it was held that if it was impossible for the complainant to find out who was the owner of the note secured by the trust deed there involved, he should have been made a party by the description of the unknown owner of the note. It is obvious that the interests of the defendant owners would have been prejudiced by leaving the record in the condition set forth in the amended bill. If partition had been made, the lien of this debt would still have rested upon this whole farm, because the holder of the notes secured by an undivided interest therein had not been made a party. In case partition had been made, he had a right to test the question whether one-seventh in value of the land had in fact been set off to the maker of his notes, for, if not, it might not be sufficient to pay his debt. Manifestly, in case of a sale, the fact that the holder of these notes was not a party to the suit would tend to cloud the title to the land and would be calculated to prevent its selling for its full value. The solicitors for certain of the defendants, appellants here, hunted up the holder of these notes, Edward Radigan, and caused him to file an intervening petition, asking to be made a defendant, and he was made a defendant and thereby the interests of the parties were protected.

The allegations of the original bill made Margaret Walsh the owner of one-seventh and the children and widow of Patrick Keenan, Jr., deceased, the owners of one-seventh. The amended bill set up a judgment in 1897 against Patrick Keenan, Jr., and the sale of his interest in this land under execution and a deed under said execution sale to Margaret Walsh. This left Margaret Walsh the owner in fee of two-sevenths. The amended bill then proceeded to state that complainants did not know whether Margaret Walsh acquired the interest of Patrick Keenan, Jr., by said sheriff's deed or whether she held it as security for the

amount bid at said sheriff's sale with interest. This was not stating the interests of either Margaret Walsh or of the heirs at law and widow of Patrick Keenan, Jr., deceased. They could not safely permit a decree to go under the allegations of said amended bill or suffer a default and permit complainants' solicitors to take care of their interests. These allegations invited Margaret Walsh and said heirs and widow of Patrick Keenan, Jr., deceased, to procure solicitors and have their rights and interests properly stated in other pleadings. This was what actually occurred. The widow and heirs at law of Patrick Keenan, Jr., procured a solicitor, who filed an answer and a cross-bill for them. Margaret Walsh procured other solicitors, who filed an answer and an amended answer to said amended bill and an answer to said cross-bill and, under these pleadings, it was finally determined that Margaret Walsh purchased said certificate of sale and obtained said deed under an arrangement with Patrick Keenan, Jr., that she should hold the title thereby acquired to secure the sum she paid for said certificate, and to secure her in the payment of certain other sums which Patrick Keenan borrowed from her, and for all which he afterwards gave her his note, and that there was due her $1,488.21, with interest at 5 per cent. per annum from November 13, 1917, upon payment of which her interest in the share inherited by Patrick Keenan, Jr. would cease and the same would become the property of the heirs at law of Patrick Keenan, Jr., deceased, subject to his widow's dower therein. It does not appear that complainants sought to learn these facts before filing this bill, as they might easily have done from their relatives concerned in the transaction. We are of opinion that the bill was so framed as to require these defendants to employ solicitors to protect their interests.

The original bill said nothing about administration upon the estate of Patrick Keenan, Jr. The amended

bill averred that there was no estate of any deceased owner remaining unsettled and not fully disposed of. In fact, there had been no administration upon the estate of Patrick Keenan, Jr. He died 3 years, 11 months and 24 days before the original bill was filed. The time to take out letters of administration upon his estate and sell his interest in this real estate to pay his debts had not expired. Thereafter the widow of Patrick Keenan, Jr., took out letters of administration upon his estate and it was judicially ascertained that, besides said note, on which as just stated there was due $1,488.21, it was also necessary to have from the proceeds of this real estate the further sum of $2,500 to settle the estate of Patrick Keenan, Jr. The administratrix came into this case by an intervening petition and was made a defendant thereunder. We have not found anything in this record to show that appellants' solicitors caused her to intervene. But appellees' brief in this case alleges that this was done through the "pernicious activities" of appellants' solicitors. Appellees assert in their brief that this sum of $2,500 was all for the widow's award in the estate of Patrick Keenan, Jr., and that administration was wholly unnecessary. We find no proof in this record that said sum was only for the widow's award. All that is shown is that a widow's award had been allowed and that $2,500 was required out of the interest Patrick Keenan, Jr., had had in this land in order to settle his estate and relieve one-seventh of this land from liability for his debts. Manifestly, it was necessary for the defendant owners to have administration and have that matter settled, because an administrator could afterwards be appointed and he could sell the interest of Patrick Keenan, Jr., in this entire farm, and a partition, if made, would not bind such administrator; and, in case of sale, this defect and omission in the bill would tend to reduce the price at which the premises could be sold. In this respect the bill and

the amended bill did not correctly state the interests of the parties, nor did the complainants so conduct the litigation that it was unnecessary for the defendants to employ counsel.

The bill and the amended bill stated that Delia Hartigan was in possession of the entire farm as a tenant, but that complainants did not know the terms of her tenancy or the rental which she was obliged to pay; and they alleged there was rental due them which had been collected by John J. Foster, the husband of defendant Julia Foster. If complainants desired to state the interests of the parties so correctly as to entitle them to have solicitor's fees taxed as costs, it seems as if they should have made inquiry of Mrs. Hartigan in person or of the other heirs at law. For all that the bill or amended bill states, Delia Hartigan may have been in possession for a lease for her life, granted to her by Patrick Keenan, Sr., in his lifetime, or she may have had a lease entitling her to possession until some future date which could not be cut off by this partition. The bill and the amended bill contain no explanation why over 23 years had been allowed to elapse after the death of Patrick Keenan, Sr., before partition was sought. These matters were all explained by the answer of the defendants who are appellants, which set up that, after the death of the ancestor, his adult heirs at law and the guardian of those who were minors leased these premises to the widow of the intestate for her natural life, and she employed John J. Foster, husband of Julia Foster, defendant, to sublet the property for her, collect the rents, pay the taxes and manage the property, and that the widow died December 22, 1916, and that prior to her death her agent had leased the property to Delia Hartigan for a term from March 1, 1916, to March 1, 1918, and that said agent held her notes for so much of the rent as had not been paid and distributed among the heirs. This left a question whether this sublease to Delia

Hartigan expired at the death of the widow or continued until the end of the term. The decree of sale provided for possession being given on March 1, 1918, which was a recognition of the tenancy of Delia Hartigan for the full term of said lease. Manifestly, a decree drawn upon said bill and amended bill upon a default of all defendants would have fixed nothing as to the extent of the leasehold interest and right of possession of Delia Hartigan or when it would expire, and this must necessarily have been injurious to the interests of the defendants, either in case of a partition or of a sale.

There are statements and omissions in the original bill and in the amended bill, and statements made by the solicitor for complainants upon the hearing of the application to have complainants' solicitor's fees taxed as costs and in appellees' brief here which have a tendency to show that this was not an amicable suit, but was for some reason hostile in its character, but inasmuch as the matters already discussed satisfy us that this was not a proper case for the taxation of solicitor's fees as costs, we deem it unnecessary to discuss those other matters. Appellants also contend that in any event the sum awarded as solicitor's fees was excessive; but we for the same reason omit the discussion of that question. Appellees rely much upon their allegation that this was a consent decree. If it is such, that is only because complainants accepted the result of the labor of the counsel for the various defendants in finding and bringing in various necessary parties and stating various material matters, omitted by complainants. Appellees' brief states as facts various matters which they urge as reasons why this order should be affirmed, which we are not able to find in this record. Among these are alleged facts which tend to charge the solicitors for appellants with improper conduct and motives. If any such facts existed and were material they should have been proved in the

court below and embodied in the certificate of evidence. We must try this case by the record. Appellees ought not to seek to prejudice us in this case by recitals not supported by the record.

The order for solicitor's fees directed that they be taxed as costs against the interests of all defendants having title as tenants in common to the property partitioned and sold. From this order an appeal was prayed by and allowed to and perfected by Julia Foster, Margaret Walsh, Alice Keenan and William J, Keenan, four of the owners, and John J. Foster, the husband of Julia Foster, and Radigan. Radigan and John J. Foster did not own any of the land and were not harmed by the order. The appeal bond recited a decree against said six defendants for $2,000, to be taxed as costs. Said six defendants assigned errors here. Appellees in their brief argue that the appeal should be dismissed or said order affirmed because there is no judgment against six, as recited in the bond, but only against four, and because two who assigned errors are not injured by the order, and they argue that errors jointly assigned, if not well assigned as to two, are bad as to all. If appellees had moved to dismiss the appeal on these grounds and no further action had been taken by appellants, said motion should have been granted. Appellees did not move to dismiss the appeal but filed briefs. The practice prior to 1872 was to consider the filing of briefs by appellee or defendant in error as a joinder in error. By section 69 of the Practice Act of 1872 and by section 108 of the Practice Act of 1907 (J. & A. ¶ 8645), if appellee or defendant in error does not plead in proper time after error assigned, the cause is to be treated as if error had been joined. By rule 13 of this court (137 Ill. App. 624) appellees desiring to plead are required to file their pleas 5 days before their briefs are due. Appellees here filed no pleas after errors assigned, but filed briefs, and the case is therefore to be treated as

if error had been joined. In actual practice the filing of appellees' brief is held to be equivalent to a joinder in error. *Truesdale v. Ford*, 40 Ill. 80; *DeBeukelaer v. People*, 25 Ill. App. 460; *Ferrias v. People*, 71 Ill. App. 559; *Fread v. Hoag*, 132 Ill. App. 233; *McCormick v. Higgins*, 190 Ill. App. 241; *Tobias v. Tobias*, 193 Ill. App. 95.

By joining in error appellees waived the right to move to dismiss the appeal. *Matson v. Connelly*, 24 Ill. 143; *Brockway v. Rowley*, 66 Ill. 99; *Dinet v. People*, 73 Ill. 183; *Kane v. People*, 13 Ill. App. 382; *Fread v. Hoag, supra; Kircher v. M. Keating & Sons Co.*, 145 Ill. App. 1; *People v. Rudorf*, 149 Ill. App. 215. Appellees cannot avoid that waiver by suggesting in their briefs that we dismiss the appeal. If they had moved in apt time to dismiss the appeal and that motion had been granted, the owners who appealed could have withdrawn the record, assigned errors thereon, sued out a writ of error and asked a *supersedeas*. Presumably it would have been granted, but, if not, or if the solicitor's fees had been taxed and paid before the owners could arrest that action, then, upon the reversal of the order the solicitor for appellees would have been required to account to the heirs therefor, as directed in *Mansfield v. Wallace*, 217 Ill. 610, on p. 635. After appellees filed their briefs the four owners who appealed asked leave jointly and severally to assign additional errors on their own behalf. Appellees resisted that motion. It sometimes happens that some alleged errors are common to all appellants, but on discussion on appeal it is seen that there are other errors which affect only part of the appellants. We think it proper practice in such a case to permit the appellants solely affected by those other errors to assign additional errors separate from the other appellants. Any other rule would drive such parties to separate appeals at additional and unnecessary expense. As appellees had waived their right to move to dismiss the

appeal, we granted the motion, and those owners jointly and severally assigned errors on the record separately from John J. Foster and Radigan. Our rule 15 (137 Ill. App. 639) permits appellants and plaintiffs in error to assign additional errors by leave of court. We are of opinion that the order appealed from is erroneous under these additional assignments of error. We think we ought not to dismiss this appeal after appellees have waived their right to move to dismiss it when the only effect would be to put the parties to the expense of again litigating the matter upon a writ of error, with the same result. The order taxing solicitor's fees as costs is therefore reversed.

*Reversed.*