## Lucille Finlen et al., Appellees, v. Julia Foster et al., Appellees. Sabrina Coughlin, Olive Keenan and Loretta Babb, Appellants.

### Gen. No. 6,679.

APPEAL AND ERROR, § 1798*—*when reversal of order allowing solicitor's fee to complainant's solicitor applies to nonappealing defendants.* Where, in a suit for partition, the trial court determines that the rights and interests of all parties are correctly set forth in the bill and finds circumstances which authorize it to allow a solicitor's fee and allows a solicitor's fee to complainant's solicitor, defendants are jointly interested in the question of the correctness of the decree thereupon, and when, on appeal by a part of the defendants, it is held that complainants are not entitled to an allowance of the fee against the fund or the defendants and the order allowing it is reversed, such ruling applies as well to the defendants who did not appeal as to those who did.

Appeal from the Circuit Court of La Salle county; the Hon. SAM-

----

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

UEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1919. Reversed. Opinion filed October 14, 1919.

CORLETT & CLARE and JOHN W. LEEDLE, for appellants.

H. M. KELLY and WOODWARD & HIBBS, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

This appeal presents for decision the force and effect of our judgment in *Finlen v. Foster*, 211 Ill. App. 609. The decree in partition in that case found that Lucille Finlen and Maggie Keenan, complainants, and Loretta Babb and Olive Keenan, defendants, each owned one-fourteenth of the real estate there involved, and that Julia Foster, Sabrina Coughlin, Margaret Walsh, Alice Keenan and William J. Keenan, each owned one-seventh of said land, with charges resting on some of the shares. After a sale of the premises had been approved, the court allowed complainants a solicitor's fee of $2,000, and ordered it taxed as costs against the rights and interests of the defendants. Julia Foster, Margaret Walsh, Alice Keenan and William J. Keenan appealed from that order. We reversed the order and held that for various reasons stated in that opinion, complainants were not entitled to have an allowance for their solicitor's fees. This record shows that complainants applied to the Supreme Court for a writ of certiorari to review our judgment, and that that petition was denied. The order appealed from in that case was entered February 23, 1918. On October 23, 1918, after a certiorari had been denied by the Supreme Court, the Circuit Court entered an order to pay the four appellants in that case their shares of the $2,000, retained by the master pending said former appeal, and to pay the balance to complainants' solicitor. Sabrina

Coughlin, Olive Keenan and Loretta Babb appeal from that order. That order was amended on November 14 so as to direct payment to complainants or their solicitors. On November 26, 1918, the order of February 23, 1918, was amended and repeated in full, and it allowed complainants a solicitor's fee of $2,000 to be apportioned among the parties in interest, instead of among the defendants, as the order of February 23 provided, and said Sabrina Coughlin, Olive Keenan and Loretta Babb appeal from that order. The two appeals are brought up on the same record and practically involve the same question.

The orders here appealed from are based on a misconception of the force and effect of our former judgment. It is claimed that the effect of our former decision only applied to the interests of those who appealed and procured a reversal, and that the decree as to solicitor's fees was in fact a separate decree against each party owning an interest in the land. The court in the order there appealed from determined that the rights and interests of all parties had been correctly set forth in the bill and found the circumstances which authorized the court to allow a solicitor's fee and then did allow a solicitor's fee to complainants' solicitor of $2,000. Each party was interested alike in that entire decision. The defendants were jointly interested in the question whether complainants had so complied with the statute as to be entitled to have solicitor's fees paid out of the fund and whether $2,000 was a reasonable allowance therefor. The former appeal questioned the correctness of that decision and all were jointly interested in that question. The fact that, if that decision was right, each defendant would separately pay a certain proportion of the sum allowed, was a secondary matter on that appeal. Cases can be imagined where one defendant would have a larger proportion of the fee taxed against him than his proportionate interest in

the land, and therefore his appeal would involve nothing but his own interest, but here the appeal involved the interest of all the defendants. It was assigned for error and argued and decided at length that the proofs did not warrant the taxing on any solicitor's fees in favor of the complainants against the fund or against the defendants. The appeal perfected in the court below brought all the parties before this court. *Bliss v. Seeley,* 191 Ill. 461, was a partition suit brought by Silas E. Seeley against George P. Bliss and others. The partition was decreed between those two and two others. A solicitor's fee was allowed, to be taxed and paid as costs. Bliss appealed from that order and assigned errors. The other defendants affected by the order neither appealed nor assigned errors or cross errors. It was held that solicitor's fees were improperly taxed as costs and that each party should be allowed to pay only his or her own solicitor's fees, and the cause was remanded for further proceedings in conformity with the views there expressed. There was no suggestion that this only applied to the individual interest of Bliss, but it was clearly implied that his codefendants should only pay their own solicitors. In the like case of *McMullen v. Reynolds,* 209 Ill. 504, the allowance of a solicitor's fee was reversed. One defendant, owning one-sixth of the land, did not appeal. The Supreme Court held that the Circuit Court erred in taxing complainants' solicitor fees and apportioning a part thereof against defendants. The entire order was reversed and there was no suggestion that that ruling did not apply to the defendant who did not appeal. So in *Cheney v. Ricks,* 168 Ill. 533, one of several defendants who were part owners appealed from such an order and it was reversed without any suggestion that that ruling applied only to the defendant who appealed. It is manifest that in each of the cases above cited it was intended to wipe out the en-

tire solicitor's fee, although only a part of the defendant owners appealed. This list of cases might be indefinitely extended. In *Fread v. Hoag*, 132 Ill. App. 233, we held that a like order was not severable but related to a single subject.

The orders of October 23, 1918, and November 26, 1918, are therefore reversed.

*Reversed.*