## Paul Gillis, Plaintiff in Error, v. Stanley Jurzyna, Defendant in Error.

### Gen. No. 38,637.

Opinion filed March 2, 1936.

JOSEPH D. RYAN and EDMUND M. SINNOTT, both of Chicago, for plaintiff in error.

ANSON H. BROWN and TAYLOR, MILLER, BUSCH & BOYDEN, all of Chicago, for defendant in error; ANSON H. BROWN, ORVILLE J. TAYLOR, CASSIUS M. DOTY and DAVID S. SAMPSELL, all of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover damages for personal injuries. Upon trial, at the conclusion of plaintiff's case, a motion to find for the defendant was allowed and judgment was entered that the plaintiff take nothing. Plaintiff by this writ of error asks for a reversal.

Defendant in his brief makes what is in effect a motion to dismiss this writ of error on the ground that the Civil Practice Act, effective January 1, 1934, requires that causes be brought to this court by appeal. The judgment in question was entered November 9, 1933, and the writ of error was brought within two years from that date. Supreme Court Rule 28 and rule 4 of this court provide in substance that if a writ of error be improvidently sued out in a case where the proper method of review is by appeal, this shall not be a ground for dismissal, but if the issues sufficiently appear upon the record before the court of review, the case shall be considered as if the proper method of

review had been employed. Moreover, defendant first asked for a dismissal in his brief filed. The filing of the brief is held to be equivalent to a joinder in error, and by joinder in error the right to move to dismiss the writ is waived. *Fread v. Hoag,* 132 Ill. App. 233, *Finlen v. Foster,* 211 Ill. App. 609, and cases there cited.

Plaintiff was injured while riding in an automobile owned by defendant but driven by another party, defendant not being in the automobile at the time it ran into a street car at the intersection of Leavitt street and 18th place in Chicago. Defendant's motion to find against plaintiff was based upon the assertion that the driver of the automobile was not at the time the agent of defendant. The trial court took this view and ruled accordingly.

Plaintiff and defendant had been friends for several years, at one time residing in the same neighborhood; they both belonged to the same athletic club; plaintiff was an employee of the Western Electric Company, and on the night of October 31, 1931, there was a dancing party at St. Ann's hall at 18th place and Leavitt street by an organization composed of Western Electric Company employees; plaintiff had met a friend, Paul Rogers, at their athletic club, but they left there at about 9:30 p. m. and went to St. Ann's hall, where the party was held; there plaintiff saw defendant, who accompanied a young lady who resided not far from where plaintiff lived.

About midnight plaintiff and Rogers started to go home and bade defendant good-by, when defendant said, "What are you going so soon for? If you will stay around for a half hour I will drive you home"; they replied, "Well, we will stay around if you will drive us home"; they waited more than half an hour, when plaintiff suggested to Rogers that they tell defendant they could not wait any longer, so plaintiff said to defendant, "We can't wait any longer. We are

going to go." Plaintiff testified that defendant then said, "Well, I promised to take you home. I can not go now but I will ask some fellow to drive you home"; that defendant looked around and saw Vic Mosco, a mutual acquaintance of both plaintiff and defendant; defendant called Mosco and said to him, "Will you take these fellows home? I promised to take them home but I am not going now. You take the keys and come right back." Defendant further told Mosco that when he returned after taking the boys home he wanted him, Mosco, to drive him, defendant, and his girl home.

Defendant then gave his automobile keys to Mosco, who left the dance hall, went to defendant's automobile, a four-door Ford sedan, and took the seat behind the wheel. Rogers sat in the front seat beside Mosco, and plaintiff sat in the back seat. Mosco's occupation was that of a truck driver, and apparently he was a competent and experienced driver; he started northward and then, according to plaintiff's testimony, proceeded, driving the car in such a manner, with reference to speed and directions, as tended to show wanton and wilful misconduct in driving. Plaintiff testified that both he and Rogers protested to Mosco that he was driving too fast and going in the wrong direction; as the car turned on 18th place it was going about 40 or 45 miles an hour; as it approached the intersection of Leavitt plaintiff noticed a southbound street car on Leavitt crossing 18th place; both plaintiff and Rogers told Mosco not to drive so fast but he did not change the speed of the automobile, and the right front fender of the automobile struck the rear end of the street car and plaintiff was injured. This was substantially all the evidence in the case bearing upon the movements of the automobile and the accident. Neither Rogers nor Mosco testified. Upon this undisputed evidence it cannot be said as a matter of law that Mosco was not the agent of defendant, operating the automobile at

defendant's request, and we hold that the trial court should have submitted the evidence to the jury.

In *Smoot v. Hollingsworth,* 265 Ill. App. 447, the defendant told his son to take the defendant's automobile and take two visitors in his home to a show; while driving the automobile it struck a pedestrian; it was contended that the son was not engaged on any business of his father's in taking the family guests to the theatre. The reviewing court did not agree with this contention but held that the son was acting under direction of his father and was as much an agent of his father at the time in question as a hired chauffeur would have been, and approved the verdict for plaintiff. *Nalli v. Peters,* 241 N. Y. 177, involved facts very similar to those now before us. The defendant, the owner of the automobile, had promised the plaintiff to take him to another town on a certain day but when the time approached defendant could not go, and thereupon asked a friend to drive plaintiff to this other town in defendant's car; on the trip the car was overturned by reason of the driver's negligence; plaintiff sued both the driver and the owner of the car; upon trial there was a verdict against both owner and driver, but this was reversed by the Appellate division, which ordered a new trial as to the driver and the complaint dismissed as to the owner of the car; the Court of Appeals held, however, that there was evidence from which the jury might find, or reasonably infer, that the driver was driving for the defendant, at his request and for his benefit, saying, "The liability for the acts of another is not dependent upon the strict relationship of master and servant, but upon relationship of similar nature, where one acts for another, at his request, express or implied, for his benefit and under his direction. Under such circumstances, the negligence of the agent is the negligence of the master or the principal." And the judgment dismissing the com-

plaint as to the owner was reversed. In *Campbell v. Arnold,* 219 Mass. 160, the defendant, owner of the automobile, was asked by two women guests at his summer cottage to give them an automobile ride; he indicated that he himself did not care to go but that his guests were free to use the car if they wished, and tendered the key necessary to unlock the automobile switch; one of the male guests took the key and the automobile and drove off for a ride with the two women guests, leaving the owner behind; an accident happened and the owner was sued; it was contended that the automobile driver was not the agent of the defendant owner. The court said the case was close to the line but held that the circumstances were properly submitted to the jury to determine the question of agency.

Defendant cites cases like *Union Bank of Chicago v. Kalkhurst,* 265 Ill. App. 254, and others, but in all of these cases it appears that the driver of the car at the time of the accident had taken it for his own convenience and pleasure; had, in fact, borrowed it and was not using it as the agent of the owner.

Defendant cites a number of cases holding, in substance, that an automobile is not such a dangerous instrumentality as to render the owner thereof liable for its negligent operation by a third person who is not the agent of the defendant. This may be conceded as a general principle, although the many automobile accidents rather tend to throw doubt on the harmless character of an automobile. Cases are not in point where it appears the owner did not know and had not authorized the use of his automobile.

In the instant case defendant had promised to take plaintiff and Rogers to their homes and persuaded them to wait until he was ready to leave the dance hall; when plaintiff and Rogers informed him that they would no longer wait for defendant he delegated to Mosco the duty to take the boys home; he gave

Mosco the keys to the automobile, without which it could not be operated; he instructed Mosco to return to the dance party to take him, the defendant, and his girl to their homes after he had delivered plaintiff and Rogers to their homes. He thus gave specific directions to Mosco where to go and when to return. It was a question for the jury to determine whether, under such circumstances, defendant made Mosco his agent to drive his automobile upon this errand.

Defendant says that the evidence shows that Mosco circled around the block, going in the wrong direction, and deviated so much in going toward plaintiff's home that the relationship of agency between Mosco and defendant during such deviation was suspended. This again presented a question for the determination of a jury. In *Devine v. Ward Baking Co.*, 188 Ill. App. 588, the driver, an agent for the owner, contrary to instructions made a trip off his route. It was held that he was driving the truck in the regular line of his employment. In *Karton v. New Amsterdam Casualty Co.*, 280 Ill. App. 201, this court had occasion to consider a similar question. There the owner gave the driver permission to use her automobile to drive only to his home, about four or five blocks away; instead of going to his home the driver got drunk and drove the car about five miles away from the owner's home at a speed of from 70 to 90 miles an hour and ran head-on into a truck and was killed in the collision. Suit was brought. The opinion cited with approval from *Dickinson v. Maryland Casualty Co.*, 101 Conn. 369, where it was said that it would be an unreasonable curtailment of the initial permission to use the car, to hold that any subsequent deviation or departure from the purpose of using the car annulled the permission and put the driver in the position of one unlawfully using the car. Many other cases are cited in this opinion, and we held that the use of the car was within the

terms of the permission given by the owner, although there was a marked deviation and departure from the purpose of the permitted use. Other cases to the same effect are *Chicago Consolidated Bottling Co. v. McGinnis*, 86 Ill. App. 38; *Freehill v. Consumers Co.*, 243 Ill. App. 1.

We agree with the statement of counsel for defendant that on the record in this appeal it is not necessary for us to decide whether the driver of the defendant's automobile was guilty of wilful and wanton misconduct in its operation. Upon the next trial evidence as to this should be submitted to the jury.

For the reason indicated we are of the opinion that the case should be remanded for a new trial. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.