Rose Gholston, Appellee, v. Thomas Terrell, Appellant.

Gen. No. 39,334.

Opinion filed October 20, 1937.   Rehearing denied November 2, 1937.

WILLIAM A. MACINTYRE, of Chicago, for appellant.

WILLIAM L. DAWSON and TRUMAN K. GIBSON, JR., both of Chicago, for appellee.

Mr. Justice Hall delivered the opinion of the court.

On April 11, 1936, judgment was entered in a forcible entry and detainer suit instituted in the municipal court of Chicago by plaintiff against defendant. This judgment recited that plaintiff have and recover from defendant the premises described in the complaint filed in the cause. On April 16, 1936, notice of appeal from the judgment was filed with the clerk of the municipal court of Chicago. A copy of this notice was served on the defendant on April 20, 1936. On April 20, 1936, a written motion to vacate the judgment was filed. On April 23, 1936, an order was entered in the municipal court of Chicago denying the motion to vacate the judgment, and on the same date, notice of appeal from the order denying the motion to vacate the judgment, was filed in the office of the clerk of the municipal court of Chicago, together with evidence of service of this notice upon the attorney for the plaintiff. On April 28, 1936, an order was entered in the municipal court of Chicago, approving an appeal bond filed in the cause. The record, including a transcript of the evidence taken on the trial, was filed here on November 30, 1936. On February 17, 1937, defendant filed his abstract, brief and argument, and on February 25, 1937, plaintiff filed a motion to dismiss the appeal "for the reason that the appeal bond in the court below was not filed within the five day period as prescribed in the Forcible Entry and Detainer Act, but was filed on April 28, 1936, seventeen days after the entry of the judgment on April 11, 1936." On March 24, 1937, plaintiff (appellee) filed her brief and argument, in which she again urges that the appeal be dismissed.

Sec. 1, ch. 110, § 125, Ill. Rev. Stat. 1937 (page 2381); Jones Ill. Stats. Ann. 104.001, provides that "The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is

otherwise herein expressly limited, in courts of record, except in attachment, ejectment, eminent domain, forcible entry and detainer, garnishment, habeas corpus, mandamus, ne exeat, quo warranto, replevin, or other actions in which the procedure is regulated by special statutes. As to all matters not regulated by statute or rule of court, the practice at common law and in equity shall prevail.''

Sec. 18, ch. 57, of the Forcible Entry and Detainer Act, Ill. Rev. Stat. 1937, § 19; Jones Ill. Stats. Ann. 109.279, provides that: ''If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act, such party may have an appeal, to be taken to the same courts, in the same manner, and tried in the same way as appeals are taken and tried in other cases. Provided such party files notice of appeal and bond within five (5) days from the rendition of the judgment and no writ of restitution shall be issued in any cases until the expiration of said five (5) days. No notice of appeal shall be required in cases appealed from justices of the peace, but such appeal shall be taken and perfected in the same manner that appeals from justices of the peace are perfected in other cases, except that bond shall be filed as provided herein and the appeal shall be perfected within the time limited by this Act.''

In *Sexton v. Curley*, 112 Ill. App. 450, this court said: ''The statute provides the only way whereby an appeal may be taken from a judgment in forcible entry and detainer. Sections 18 and 19, chap. 57, Starr & Curtis, require that appeal must be prayed and bond filed five days from the rendition of the judgment . . . 'which said bond shall be in sufficient amount to secure rent, damages and costs to be ascertained and fixed by the court.' By his failure to apply to the trial court for an appeal and have the amount of the bond fixed within five days, as required by statute, the defendant lost his right to an appeal.''

In *Lanquist v. Grossman*, 282 Ill. App. 181, this court further said: "The filing of the notice of appeal June 15, 1934, was jurisdictional and constituted a pending perfected appeal which was a continuance of the proceeding in the court below, and we are at a loss to understand how, under the terms of the act, when the jurisdiction of the court had attached by an appeal already perfected and pending, a subsequent notice of appeal could have any force or effect."

In *McCoy v. Acme Automatic Printing Co.*, 278 Ill. 276, the Supreme Court said: "When plaintiff in error prayed and perfected its appeal it waived and abandoned its motion to vacate the judgment and could not longer rely on it. The appeal removed the cause to the Appellate Court, and the trial court lost all jurisdiction and had no power thereafter to enter any order on the motion to vacate the judgment. The appeal was perfected from the final order and should not have been dismissed."

In his reply brief, defendant does not take issue with the contention of the plaintiff, but insists that by filing a brief in the cause, plaintiff waived her motion to dismiss the appeal, and cites a number of cases in support of his position, among them, being the case of *Gillis v. Jurzyna*, 284 Ill. App. 174, where this court said: "The filing of the brief is held to be equivalent to a joinder in error, and by joinder in error the right to move to dismiss the writ is waived. *Fread v. Hoag*, 132 Ill. App. 233, *Finlen v. Foster*, 211 Ill. App. 609, and cases there cited."

We are of the opinion that the point is not well taken. As already suggested, plaintiff in her brief not only indicated clearly that she did not intend to waive the motion to dismiss, but an examination of this brief shows that she adhered to this contention, and cited a great number of cases in its support.

In addition to other points made in his brief, defendant insists that the landlord's five-day notice was insufficient. The notice is as follows:

"Landlord's Five Days Notice

"No. 1.   Chicago, Illinois, January 30, 1936.

"To Thomas Terrell: You are hereby notified that there is now due the sum of $60.00 being rent due for the premises situated in the City of Chicago, County of Cook and State of Illinois, and known and described as follows, viz: 4 rooms on the 3rd floor of building known as 4404 Calumet Avenue. And you are further notified, that payment of said sum so due has been and is hereby demanded of you, and that unless payment thereof is made on or before the 4th day of January, A. D. 1936, your lease of said premises will be terminated.

"Rose Gholston at 4736 Michigan Ave., is hereby authorized to receive said rent for me.

"Signed Rose Gholston, Landlord."

This is the only point of defendant referred to by plaintiff (appellee) or argued in her brief, other than that she insists that the appeal should be dismissed. As to the question raised as to the sufficiency of the notice, plaintiff contends that there evidently was a typographical error made in this notice in which she warns defendant that unless payment be made by the 4th of January, the lease would be terminated. The notice clearly indicates that this was a typographical error. It is dated January 30, 1936, and it is evident that it could not mean that defendant should vacate on a date prior to the date of the notice, and we are of the opinion that by calling the court's attention to this matter in her brief, plaintiff did not waive her right to move a dismissal of the appeal. The order of this court is that the appeal be dismissed .

*Appeal dismissed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.