## Chicago Consolidated Bottling Co. v. John McGinnis, by his Next Friend.

1. MASTER AND SERVANT—*Master's Liability for Negligent Acts of the Servant.*—The master is not to be held to respond for the negligent acts of the servant, done outside the scope of the master's business and the servant's employment, and while the servant is pursuing his own affairs exclusively, even though facilities afforded to the servant by his relation to the master were used in committing the injury, if such facilities were not used with authority or consent of the master.

2. SAME—*When the Servant Deviates from His Line of Employment.*—If the negligent act be done by the servant while engaged directly or indirectly in the master's business, responsibility of the master can not be avoided on the ground alone that the servant had chosen a method or a route less direct than he might have selected for the work. If the servant, in driving his master's team on his master's business, chooses an indirect route, or deviates from his direct route for purposes of his own, and is yet engaged in performing the master's work in such indirect manner, the master may still be held liable.

3. NEGLIGENCE—*When the Master is Not Liable.*—In order to make the negligence the act of the servant alone there must be a turning away from the master's service and an entering upon an affair which is the affair of the servant only.

**Action for Personal Injuries.**—Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed December 5, 1899.

JAMES MAHER, attorney for appellant.

A. B. CHILCOAT and W. P. BLACK, attorneys for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Appellee, a minor, brought suit by his next friend to

recover for personal injuries alleged to have been sustained through negligence of appellant.

Upon a former trial appellee recovered, and upon appeal the judgment was reversed by this court.   51 Ill. App. 325.

Appellee has again recovered, and appellant again brings the record here for review.

The evidence is sufficient to establish that an employe of appellant, in driving a wagon owned by appellant, ran over appellee, who was then a boy of about seven years, and injured him; that the employe of appellant, the driver of the wagon, while engaged in delivering appellant's goods, drove a few blocks out of his regular route in order to call upon his wife; that after leaving the house where he had stopped to see his wife he was again proceeding on his employer's business when the injury to appellee occurred; that appellee climbed upon a step of the wagon while the wagon was standing in front of the house where the driver stopped to call upon his wife; that when the driver came out of the house and got upon the wagon to again start upon his employer's business, the boy, appellee, was upon the step and directly in front of the driver as he walked up to the wagon; that the driver must have seen the boy when he, the driver, got upon the wagon and started his team; and that after the wagon was started the boy, appellee, fell from the step and was injured.

It appears that the place to which the driver went to call upon his wife was within the territory which he describes as his "route," that is to say, within the territory in which he delivered the goods of appellant.   After leaving the place where he had stopped, which was near the corner of Wood and Ohio streets, the driver was proceeding directly to deliver goods of appellant at a place a few blocks distant and upon the same street, viz., Wood street, corner of Kinzie street, when the injury occurred.

There was some conflict in the evidence, but there was sufficient evidence to warrant a jury in finding the facts to be as above stated.   No question is raised as to matters of procedure.   The only contention of counsel for appellant

is, that there could be no recovery upon the facts as above set forth. It is contended, first, that when a servant, acting as driver of his master's wagon, leaves the direct route of his business and goes upon some errand of his own, the master can not be held to respond for negligence of the servant while upon such errand; and second, that the law does not obligate the driver of a vehicle, who has stopped on his way upon the public street, to exercise any reasonable care to learn if children have got upon such vehicle in such manner as to be in danger of injury if the vehicle is moved.

So far as the first question is concerned, it may be taken as well settled that the master is not to be held to respond for the negligent acts of the servant, done outside of the scope of the master's business and the servant's employment, and while the servant is pursuing his own affairs exclusively, even though facilities afforded to the servant by his relation to the master were used in committing the injury, if such facilities were not used with authority or consent of the master. The act for which the master is to be held must be something incident to the employment for which the servant is hired. Shearman & Redfield on Neg., Sec. 147; Wharton on Neg. (2d Ed.), Sec. 168; Story v. Ashton, L. R. 4 Q. B. 476; Rahn v. Singer Mfg. Co., 26 Fed. Rep. 912; Cavanagh v. Dinsmore, 12 Hun, 465; Sheridan v. Charlick, 4 Daly, 338.

And on the other hand, it is equally well settled that if the negligent act be done by the servant while engaged directly or indirectly in the master's business, responsibility of the master can not be avoided on the ground alone that the servant had chosen a method or a route less direct than he might have selected for the work. If the servant, in driving his master's team on his master's business, chooses an indirect route, or deviates from his direct route for purposes of his own, and is yet engaged in performing the master's work in such indirect manner, the master may still be held liable. In order to make it the servant's act alone there must be a turning away from the master's service and an entering upon an affair which is the affair of the servant

only.   Shearman & Redfield on Neg., Sec. 147;   Mitchell v. Cressweller, 13 Com. Bench, 237; Story v. Ashton, L. R. 4 Q. B. 476;  Joel v. Morrison, 6 Carr. & P. 546;  P. & R. R. R. Co. v. Derby, 14 How. (U. S.)  483; Geraty v. Nat. Ice Co., 44 N. Y. Supp. 659.

Some of the English cases go so far as to hold that the entrusting of the control of the carriage fixes liability of the master, even when used without authority outside of the scope of the employment.    Sleuth v. Wilson, 9 Carr. & P. 355.

And this doctrine is approved by the Supreme Court of the United States in P. & R. R. R. Co. v. Derby, 14 How. P. 483.

As well stated by Mr. Justice Gary in disposing of the former appeal, " The rule is familiar.   The difficulty is in the application."   We are of opinion that applying the rule to the facts of this case, it can not be held that the driver of appellant, when he again started on his business of delivering goods of appellant, after having stopped upon an errand of his own, was not engaged in the master's work within the scope of his employment.   The special finding of the jury does not find that when he again proceeded upon his work of delivery, he was not engaged in his employer's work, and hence it is not inconsistent with the general verdict.

Upon the second point, as to the duty to ascertain if children were upon the wagon before starting, if the verdict here depended only upon a lack of care in thus examining and inspecting before starting the wagon, a very different question would be presented.   But there is more in the evidence to sustain the verdict.   The evidence is such that the jury were warranted in finding that the appellant's driver saw the boy and knew that he was upon the step when he started.   If it should be conceded that there is no duty to inspect to discover children in danger, yet if it be known that one is in a position to be injured by starting the wagon, it might be held to be negligence to start under such circumstances.   The cases cited by counsel bear only upon the duty of inspecting and examining.   In one of them the rule

here invoked is thus qualified : " We hold there was no such duty unless he knew or had reason to believe that the boy was in a position where he would be placed in peril by the movement of the car." C. & A. R. R. Co. v. McLaughlin, 47 Ill. 265.

The jury might properly have found from the evidence that the driver was guilty of negligence in starting the team when he knew that appellee was upon the step of the wagon. Nor does this of necessity involve a finding that the driver was guilty of inflicting the injury intentionally and wantonly.

We are of opinion that there is enough in the evidence to sustain the verdict, and we can not say that it is manifestly against the weight of the evidence.

The judgment is affirmed.