(No. 12316.—Judgment affirmed.)

THE H. W. NELSON RAILROAD CONSTRUCTION COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LAURA B. McGHAN, Admx., Plaintiff in Error.)

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*when injury to an employee on way to lunch arises out of employment.* An injury to an employee on his way to lunch at the noon hour, as a general rule, arises out of and in the course of his employment; and it makes no difference that the injury occurs off the premises of the employer, if the employee uses premises which he has a right to use and which provide the only available way to reach the point to which he goes for lunch.

2. SAME—*when rule that injury to employee on way to lunch arises out of employment does not apply.* The general rule that an injury to an employee on his way to lunch or during his absence for lunch during the noon hour arises out of the employment does not apply where the employee chooses to go to a dangerous place where his employment does not necessarily carry him or where he incurs a danger while on a mission not connected with his employer's business but merely for his own pleasure.

3. SAME—*the administratrix must prove injury resulting in employee's death arose out of employment.* The burden is on the administratrix suing for compensation for an injury resulting in an employee's death to prove that the injury arose out of and in the course of the employment, and where the employee was injured during the noon hour, while going for his lunch across a railroad bridge not built for pedestrians, the administratrix must prove it was the only available way for him to reach his destination.

4. SAME—*when party cannot complain of incompetent evidence.* Where an administratrix suing under the Workmen's Compensation act objects to certain testimony of a witness as being against the representative of the deceased, (her objection being sustained,)

and afterwards brings out the same facts by cross-examination of the same witness without making any motion to exclude the evidence, she cannot complain in the Supreme Court that such evidence is incompetent.

5. SAME—*when injury to employee on way to lunch does not arise out of employment.* An injury to an employee struck by a passing train while going after his noon lunch across a railroad bridge not built for pedestrians does not arise out of and in the course of the employment, where it appears from the record that the employee violated an instruction of his employer not to cross the bridge and it is not proved that there was no other way to get his lunch.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding.

HYER & GILL, for plaintiff in error.

E. M. ST. JOHN, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

A writ of *certiorari* having been sued out of the circuit court of Winnebago county to review the decision of the Industrial Commission awarding compensation to plaintiff in error, Laura B. McGhan, administratrix of the estate of her father, Hugh H. McGhan, deceased, the court quashed the record of the proceedings before the commission and set aside the award. From that judgment this writ of error was prosecuted, the trial judge having certified that this cause is one proper to be reviewed.

Defendant in error, the H. W. Nelson Railroad Construction Company, on October 11, 1915, was engaged in construction work on a railroad bridge of the Illinois Central Railroad Company which crossed the Rock river at Rockford. The bridge carried a single railroad track, upon which the Illinois Central trains passed back and forth at frequent intervals. No foot-path for pedestrians on said bridge was provided. On that date Hugh H. McGhan was

going across that bridge from the east side of Rock river, where he had been at work for defendant in error as a stationary engineer, to the west side of said river for the pupose of eating his lunch, having left his dinner pail on that side of the river. As he was crossing the bridge during the noon hour intermission he was struck by an Illinois Central train and knocked into the river. He attempted to avoid being hit by the train by crawling out onto the ends of the ties. He was struck by the engine on the head, was taken from the river some distance down-stream and carried to a hospital, where he was given a prophylactic treatment for typhoid because of the river water he had taken into his system. He remained in the hospital about four days and was then taken to his home. About the tenth day after his injury he became weak and a few days later he suffered urinary trouble. An analysis of his urine showed the presence of sugar and the diagnosis disclosed diabetes. There is no dispute as to the fact that he suffered traumatic diabetes, which was directly due to his accidental injury and from which he died September 14, 1916.

It is agreed that both defendant in error and McGhan were subject to the Workmen's Compensation act at the time of the accidental injury to the deceased, that his compensation was two dollars per day based on a 200 working-days year, and that plaintiff in error was appointed administratrix of his estate. The dispute in the case is as to whether the injury arose out of and in the course of his employment. The circuit court set aside the award on the ground that there is no evidence in the record tending to support the finding of the commission that the injury from which the deceased died arose out of and in the course of his employment.

The general rule announced in both English and American decisions is that going to lunch by an employee is an incident of his employment; that the dinner hour, although not paid for by the employer, is included in the time of

employment; that a temporary absence from the place of employment for the purpose of procuring food does not suspend the employment; that an injury occurring during such a temporary absence arises out of and in the course of such employment; and that it makes no difference that the injury occurred off the premises of the employer if the employee was using premises which he had a right to use and which provided the only available way to reach the point to which he was going for lunch. (*In re Sundine*, (Mass.) 1916A, L. R. A. 318, and foot-note thereto in which a large number of authorities are collated.). In the case of *Milwaukee Western Fuel Co.* v. *Industrial Com.* 159 Wis. 635, it was held that an injury arose out of and in the course of the employment where the employee was drowned during the noon hour. In that case he partook of his lunch on the employer's premises, as was customary in the conduct of the employer's business. He then walked from his lunching place to the bank of the river and thence along a passageway between his employer's building and the river's edge, going towards a toilet used by employees. Before he arrived at the toilet he accidentally fell in the river and drowned. This general rule does not apply where an employee chooses to go to a dangerous place where his employment does not necessarily carry him and where he incurs a danger of his own choosing and one altogether outside any reasonable exercise of his employment. (*Northern Illinois Light and Traction Co.* v. *Industrial Board,* 279 Ill. 565.) It does not apply where an employee, contrary to the previous usage and custom, leaves his place of employment and his fellow-workmen to go elsewhere on a mission of his own, not connected with his employer's business but merely for his own pleasure. Thus, a workman who failed to bring his dinner with him, as was customary with the crew and as he had always done before, was held not injured in the course of his employment and that his injury did not arise

out of his employment where he was struck by a railroad train while walking along the track. *Hills* v. *Blair,* 182 Mich. 20.

In this case there was a showing in the record that the employees of defendant in error who were working at construction work on the bridge in question went from their work across the bridge for lunch and for other purposes. It is apparent that this was a matter of necessity, as they could not get off the bridge otherwise, so far as is shown by the record. McGhan was not employed at any work on the bridge but at the end of the bridge, on shore. It does not appear from the evidence in the record that there was provided for the workmen any other way of crossing the river which would be more safe than the way chosen by McGhan. There is evidence in the record that there were other bridges crossing the river, but the character of those bridges was not shown. McGhan was injured on the first day he commenced work for defendant in error. The burden rested on the administratrix to prove that the injury from which his death occurred arose out of and in the course of his employment. (*Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96; *Northern Illinois Light and Traction Co.* v. *Industrial Board, supra.*) Inasmuch as an injury occurring during the noon hour only arises out of and in the course of the employment when the employee is using a way which he had a right to use and which was the only available way, or as safe as any other available way, to reach the place he was to eat his lunch, it was incumbent on the administratrix to establish those facts by competent evidence. The record is silent upon that question and simply does not show whether or not there was such an available way other than the crossing of the railroad bridge.

The record in this case does disclose that McGhan violated the instructions of the superintendent of his employer in attempting to walk across the bridge. On Saturday be-

fore the day he commenced his work he was told by the superintendent not to undertake to walk across the bridge. He was then seeking employment of the company as signal man on the bridge, which was denied him because of his age and supposed inability to protect himself. He was sixty-two years old, lame, and walked with a cane. He was, however, at that time employed as stationary engineer and was to commence his work on the following Monday.

Plaintiff in error insists that there is no competent evidence in the record to sustain the claim that McGhan was violating an order of the superintendent, because the testimony was by an employee of the defendant in error to the effect that he heard the superintendent tell McGhan not to cross the bridge, and that the testimony was incompetent because it was against the representative of the deceased and that the deceased could not be present to refute the testimony. However, the record further shows that the arbitrator sustained plaintiff in error's objection to such evidence, and that plaintiff in error thereafter, in the course of the cross-examination of the witness, brought out the same facts without any objection whatever and without even having made a motion to exclude such evidence. She is therefore not in a position to complain at this time that such evidence is incompetent.

As it appears from the record that the deceased was violating an instruction of his employer, given by the superintendent in charge of the work, when the accident occurred, the injury cannot be said to have arisen out of and in the course of the employment. *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11; *Northern Illinois Light and Traction Co.* v. *Industrial Board, supra.*

The judgment of the circuit court is affirmed.

*Judgment affirmed.*