## R. C. Orr, Appellee, v. The Thompson Coal Company, Inc., Appellant.

## Gen. No. 6,813.

1. MASTER AND SERVANT, § 836*—*what is basis of master's liability for acts of servant.* The master's liability for his servant's acts is based on the control or superintendence which he is bound to exercise over the servant for the safety of others, and on the maxim *qui facit per alium facit per se.*

2. MASTER AND SERVANT, § 836*—*what is extent of rule of respondeat superior.* The rule *respondeat superior* arises out of the relation of superior and subordinate, is coextensive with it, and ceases when the relation itself ceases to exist.

3. MASTER AND SERVANT, § 844*—*what is test of master's liability for servant's negligence.* The primary test to determine the master's liability for the negligent act of his servant is whether the act was within the scope of his employment or whether the servant was at the time of the act at liberty from the service of his master and not engaged in doing his master's business, but was pursuing his own interests exclusively.

4. MASTER AND SERVANT, § 844*—*when servant's dinner hour is not within time of employment.* The rule that a servant's dinner hour during the working day is included in the time of employment does not apply when during that time he chooses to go into a dangerous place into which his employment does not necessarily carry him, or to go away from his place of employment on a private mission not connected with the employer's business.

5. MASTER AND SERVANT, § 844*—*when servant is not within scope of employment.* An employee cannot be acting within the scope of his employment unless he is acting in the course of his employment.

6. MASTER AND SERVANT, § 846*—*when act is without scope of employment.* When a servant to whom the master has intrusted a vehicle with specific orders as to its use disobeys the orders and uses it for other purposes and an accident happens through his negligent act, such act of the servant is not in the course of the employment.

7. MASTER AND SERVANT, § 846*—*when driving of truck is without scope of employment.* Where a servant takes the master's truck in violation of the master's rules solely in order to go for his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dinner and, while so driving it, injures the property of a third person through his negligence, such negligent act is outside of the servant's scope of employment and the master cannot be held liable to the third person for the injury.

Appeal from the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the April term, 1920. Reversed with finding of facts. Opinion filed October ·12, 1920.

Hunter, Page & Kavanagh, for appellant.

L. O. Eagleton and Roscoe Herget, for appellee.

Mr. Justice Heard delivered the opinion of the court.

May 28, 1918, on a public street in the City of Peoria appellee's automobile was struck and damaged by an auto-truck of appellant driven by one John Cone, an employee of appellant. Appellee brought suit against appellant to recover his damages occasioned thereby, basing his right to recovery on alleged negligence of Cone in driving the auto-truck. Appellant filed a plea of the general issue and an additional plea which set up that the driver of the auto-truck at the time of the collision was not acting within the scope of his authority; that said driver was driving the motor truck without appellant's knowledge and contrary to appellant's orders; that it was not a part of Cone's duty to drive the auto-truck and that at the time of the accident Cone was engaged in business of his own and not the business of appellant. A trial resulted in a judgment for $586.35 for appellee against appellant, from which judgment appellant has appealed.

On this appeal appellant does not raise any question as to the negligence of the driver of the auto-truck, nor as to the amount of damages, but rests its defense solely on the additional plea.

It is earnestly contended by appellant that admit-

ting that Cone was an employee of appellant and that the auto-truck, which through the negligence of its employee caused the damages, belonged to appellant, under the evidence in the case it is not legally liable for such damages.

The liability of the master to answer for the conduct of his servant is founded on the control or superintendence which the master is bound to exercise over his servant, for the safety of other persons. It is based on the maxim *qui facit per alium facit per se.* The rule of *respondeat superior,* as its terms import, arises out of the relation of superior and subordinate, is coextensive with it, and ceases when the relation itself ceases to exist. *Clark v. Fry,* 8 Ohio St. 358, 72 Am. Dec. 590. The primary test to determine the master's liability for the negligent act of his servant is whether the act was within the scope of his employment or whether the servant was at the time of the act at liberty from the service of his master and not engaged in doing his master's business, but was pursuing his own interests exclusively. 26 Cyc. 1525; *Arkin v. Page,* 287 Ill. 420; *Weiner v. Mairs* (Mass.), 125 N. E. 149; *Chicago Consol. Bottling Co. v. McGinnis,* 86 Ill. App. 38. In *Arkin v. Page, supra,* it was said: "The liability, if any, must rest upon the relation of master and servant between the driver of the automobile and the owner,—that is, upon the fact that the driver of the automobile was at the time engaged in doing the owner's business." In the same case it was said: "The owner of an automobile is not liable for an injury occasioned by the negligent use of his machine by his servant if the servant was at the time at liberty from the service of his master and not engaged in doing his master's business, but was pursuing his own interests exclusively. *Reilly v. Connable,* 214 N. Y. 586; *Slater v. Advance Thresher Co.,* 97 Minn. 305."

It is very frequently a most difficult question to de-

termine whether the particular act for which the master is sought to be held liable was committed within the scope of the servant's employment, as what acts are within the scope of the employment can be determined by no fixed rule, but are to be ascertained by the application of general principles to the facts of each particular case.

In the case for the purpose of testing appellant's liability at this stage of the case, we must assume that Cone was employed as a driver for appellant although this question is the one to which most attention was given by appellant in the court below and in its argument here. With this assumption the evidence shows that on the day in question appellant was in the operation of a coal yard at East Peoria, a village across the river from Peoria; that for the purpose of delivering coal it possessed a 2½ ton auto-truck; that John Cone was an auto-truck driver for appellant; that there were posted in the premises where Cone worked rules of appellant with reference to the driving of trucks; that one of these rules was that no employee was to take a truck out on his own business except on orders fom appellant's president and general manager; that at noon on the day in question, without orders from any one, Cone took the truck in question for the sole purpose of going to Peoria for his dinner; that he never had taken the truck for that purpose prior to that time; that the truck had no load of any kind; that while on his way to dinner, through his negligence, the truck collided with appellee's automobile and occasioned the damage for which judgment was rendered.

It is contended by appellee that going to lunch by an employee is an incident of his employment and that the dinner hour, although not paid for by the employer, is included in the time of the employment. It is true that the general rule is as stated, but this rule does not apply when an employee chooses to go to a

dangerous place where his employment does not necessarily carry him and when he incurs a damage of his own choosing and one altogether outside any reasonable exercise of his employment. Nor does it apply where an employee leaves his place of employment and his fellow workmen to go elsewhere on a mission of his own, not connected with the employer's business. *Nelson R. Const. Co. v. Industrial Commission*, 286 Ill. 632; *Northern Illinois Light & Traction Co. v. Industrial Board of Illinois*, 279 Ill. 565. An employee cannot be acting within the scope of his employment unless he is acting in the course of his employment.

There have been several recent cases where the term "course of his employment" which occurs in the Workmen's Compensation Act has been construed. *Dietzen Co. v. Industrial Board*, 279 Ill. 11; *International Harvester Co. v. Industrial Board*, 282 Ill. 489; *N. K. Fairbank Co. v. Industrial Commission*, 285 Ill. 11; *Central Garage of La Salle v. Industrial Commission*, 286 Ill. 291; *Chicago, R. I. & P. Ry. Co. v. Industrial Commission*, 288 Ill. 126; *United Disposal & Recovery Co. v. Industrial Commission*, 291 Ill. 480; *Steel Sales Corporation v. Industrial Commission*, 293 Ill. 436; *Weis Paper Mill Co. v. Industrial Commission*, 293 Ill. 284; *Schweiss v. Industrial Commission*, 292 Ill. 90. In the latter case it was said: "A workman is said to be 'in the course of his employment when within the time covered by the employment he is doing something he might reasonably do while so employed at a place where he might reasonably be while in the employment. The test is triple, and relates to time, conduct and place.'" In *N. K. Fairbank Co. v. Industrial Commission, supra*, it was said: "The employer is liable for compensation only for an injury which occurs to the employee in the course of his employment or incidental to it. When work for the day has ended and the employee

has left the premises of the employer to go to his home the liability of the employer ceases, unless after leaving the plant of the employer the employee is incidentally performing some act for the employer under his contract of employment."

A distinction has been drawn between an employment where a vehicle is intrusted to a servant to be used entirely in his discretion and an employment when the servant has specific orders as to the mode of dealing with the vehicles. 26 Cyc. 1537. In the latter case when the employee disobeys his orders and uses it for a purpose other than intended by the employment and an accident happens through the servant's negligent act, the act of the servant is held not to be in the course of the employment. *Martinelli v. Bond* (Cal.), 183 Pac. 461; *Goldberg v. Borden's Condensed Milk Co.*, 227 N. Y. 465, 125 N. E. 807; *Rolfe v. Hewitt*, 227 N. Y. 486; *Dietzen v. Industrial Board, supra; Central Garage of La Salle v. Industrial Commission, supra; United Disposal & Recovery Co. v. Industrial Commission, supra.* In the latter case where Taylor, a truck driver of plaintiff in error, was injured and Peacock and Cramer, two of its employees, were killed while on one of plaintiff in error's trucks driven by Taylor on their way to work at plaintiff in error's plant, the court held: "Taylor was instructed to keep the truck in Rockford and had no authority to keep it in Cherry Valley. When he disobeyed instructions and chose to select a route that better suited his convenience he was acting outside his employment, and the injury which he received and which resulted in his death did not arise out of his employment. Peacock and Cramer were not killed in the course of their employment, nor did their death arise out of their employment. There was no agreement by either of plaintiffs in error to furnish them transportation from Cherry Valley to the farm. Without the knowledge of plaintiffs in error they ar-

ranged with Taylor to haul them over the Perryville route, and they must be held to have assumed the consequences of their own act. While arrangements had been made for them to ride on the trucks from Rockford to the farm, it was no part of the contract of hire that they would be furnished transportation from their homes to the place of their employment.''

Applying the principles above announced to the facts of the present case, we must hold that when Cone took the truck in question in violation of appellant's rules, solely for the purpose of going for his dinner, that his negligent acts which caused the damages to appellee's automobile were outside the scope of his employment and that at the time of the accident he was not engaged in doing his master's business and that therefore the doctrine of *respondeat superior* does not apply and appellant is not liable for such damage.

The judgment is reversed.

*Reversed with finding of facts.*

Finding of facts. We find that at the time of the accident Cone, the driver of appellant's truck, was not acting within the scope of his employment and that at such time he was not engaged upon appellant's business.

NIEHAUS, J., took no part.