The court is of the opinion that the bank, having parted with its money upon the promise that Rufus W. Hutson would sign the note in question, and he having signed the note and thus carried out the agreement, the consideration for the same is sufficient and is binding upon Rufus W. Hutson.

For the reasons above enumerated the motion for a new trial will be overruled and judgment may be entered in favor of the Fayette County Bank according to the original decision in this case.

———◆———

## CONSTRUCTION OF THE PHRASE "IN THE COURSE OF EMPLOYMENT." .   ,

Common Pleas Court of Hancock County.

### Louisa Van Osdale et al. vs The Industrial Commission of Ohio.

Decided 1923.

*Workmen's Compensation—That the Accident Was Incident to the Employment—May Not Be Necessary to Entitle the One Injured to Compensation—Injuries Arising Out of the Environment to Which Employes Are Necessarily Subjected—Where There Is No Choice of a Way of Ingress and Egress, the Way Used Becomes an Appurtenance to the Premises—And the Danger Incident to its Use is an Incident of the Employment.*

1. Where there is no choice of ingress or egress to, and from the premises of a manufacturing plant, and the employes are required to cross a railroad over which they have merely a permissive right—that no other way is available or provided by the employer, the crossing is an environment and a danger incident to the employment, and as between the employer and employe, is an appurtenance to the premises and the plant, the crossing being approached from the factory 100 feet distant, over a dedicated public street, not subject to use for any other purpose.

2. Where an employe having finished her work for the day and when leaving the plant for her home in an automobile, is accidentally struck by a passing locomotive and killed while attempting to cross the railroad, the same rule applies in determining the right of her dependants to compensation as though the accident occurred on the premises.

3. It is not necessary in order to be entitled to compensation that the accident causing the injury be incident to the employment, but it depends upon the time, place and circumstances under which the accident happens. Here, the injury was caused by an accident arising out of the environment to which the decedent was necessarily subjected in the course of the employment and happened because of the employment. It comes within the rule providing for compensation for injuries received "in the course of the employment" as contemplated in the workmen's compensation law.

ON APPEAL from the Industrial Commission.

*George H. Phelps*, attorney for plaintiffs.

*John L. Price*, Atty. Genl., and *Harlan F. Burket*, Pros. Atty., for the defendant.

DUNCAN, J.

This action is brought by Louisa Van Osdale et al., as dependants of Nellie Frantz Moomey, deceased. The decedent was one of one hundred and fifty workmen employed by the Findlay Porcelain Company at the time complained of. The company operates a manufacturing plant located near the north end of the city, east of the T. & O. C. Railroad, and contributes to the state insurance fund, under the management of the Industrial Commission, as provided by Sections 1465 *et seq.* of the General Code. This railroad runs north and south, parallel with and about one half mile east of Main street. A street known as Bell avenue runs directly east from Main street to and across said railroad to said plant. This for some time was a private right of way. In the year 1883 one Bigelow, then the owner of the land, conveyed a right of way to a company which thereupon built what is now known as the T. & O. C. Railroad.

Afterwards, the said Bigelow sold and conveyed the land now embraced in Bell avenue, that immediately north of it and some east of the railroad, to a certain land syndicate, which thereupon laid the same out into lots, with the necessary streets and alleys, evidenced by a plat thereof accepted by the city council, by which the proprietors dedicated the streets and alleys to public use, which, as a matter of law, could not include the right of way of the railroad.

This syndicate then, in the year 1888, sold and conveyed a certain block out of that part of the plat immediately east of the railroad and north of Bell avenue for a pottery, and the same was built back about 100 feet from the railroad. This is now the porcelain plant.

That part of the plat of the land east of the railroad, including the streets and alleys, was thereafter, in the year 1894, vacated by an ordinance of the city council, except that part of Bell avenue from the railroad east one block, but the factory has been extended south across the avenue, thus closing it up.

There is no way of ingress or egress to or from this factory other than over this railroad crossing and this part of Bell avenue east of the railroad, and has not been for many years, and the Porcelain Company and its employes have used it exclusively since the establishment of the business. So, one of the hazards of the workmen incident to their employment at this plant, is the necessity of having to cross this railroad when going to or coming from their work. There was no other way in or out.

On the 27th of October, 1921, the plaintiffs' decedent, having finished her work for the day, left the plant for her home in an automobile and by way of the *cul de sac* attempted to cross the railroad when she was accidentally struck by a south bound locomotive and killed.

The administrator filed a claim with the commission for compensation in behalf of the decedent's dependants, but the same was denied upon the ground that the decedent was not "killed in the course of her employment," and the case is here by way of appeal from that finding.

The case was heard by the court upon an agreed statement of facts substantially as above related, no question being made as to the method of procedure, the wages received by the decedent, the persons, relationships or ages of her dependants, or the amounts and times of payment in case the claim is allowed. That is, the only question in controversy is whether or not the decedent came to her death through an injury received in "the course of her employment" as contemplated in the workmen's compensation law?

This question would be easy of solution if Bell avenue were a public street over the railroad right of way, extending beyond this plant where it might be used by others and where the hazards were thus made common to every traveler, and subject to the police power of the state. But the place where the decedent was killed was railroad grounds. True, it had been used by the Porcelain Company and its employes for many years, but that gave them no right to cross there which could be enforced or any right which the railroad company could not terminate. Quoting from a decision of our Supreme Court: "When a railroad company maintains a way or street over its tracks and unenclosed land for about forty years for the use of its patrons, and incidentally it is used also by the public, the presumption is that the user was permissive." *Railroad Co.* v. *Roseville*, 76 O. S., 108. So that under the agreed statement, the right of the employes to cross the railroad at this place being merely permissive, the company had the right to terminate the license to do so at any time.

Here, then, we have the employes of the Porcelain Company exercising the privilege of ingress and egress to and from this plant over this crossing at the sufferance of the railroad company, a restraining environment over their free action. So, in determining whether the decedent came to her death through an injury received in "the course of her employment," we must not forget that "the real spirit of this act is to measurably banish technicality and to do away with the nicety of distinction so often observable in the law, and commands a liberal construction in favor of employes." *Indus. Comm.* v. *Pora*, 100 O. S., 218, 222.

"The statute was intended to provide a speedy and inexpensive remedy as a substitute for previous unsatisfactory methods, and should be liberally construed in favor of the employes." *Indus. Comm.* v. *Weigandt*, 102 O. S., 1.

In this last case there was a friendly scuffle during the noon hour between two employes over the possession of a file. The file flew from its handle and struck another em-

ploye in the eye which injured it, and it was held that this injury was received in the course of his employment. From this it will be seen that it is not necessary that the accident causing the injury must be incident to the employment, but that it depends upon the time, place and circumstances under which the accident happens. It is said by Johnson, J., in the opinion at page 8: "The injury in this case was caused by an occurrance occasioned in the environment, and it was an injury 'occasioned in the course of the employment' and because of the employment."

In *Judson Mfg. Co.* v. *Industrial Accident Co.*, 184 Pac., 1 (Cal.), it is held that where an employe on his way to work being struck by another's train, in the use of a necessary mode of ingress, across railroad tracks, in order to reach the factory, was an accident occurring in the course of the employment. "That an injury due to the necessary means of access to the employer's premises, required by the employer and contemplated in the employment, is compensable."

In *Starr Piano Co.* v. *Industrial Accident Co.*, 184 Pac., 860 (Cal.), where an employe was injured in the use of an elevator which he operated himself on his way to the fourth floor of a building where the business of his employer was conducted, the elevator being under the sole control of the owner of the building who maintained and operated it for the common use of all the tenants and was so used, it was held that if this was the means of access provided by the employer or reasonably used by the employe, the injury as received was received in the course of the employment.

In *Nelson Const. Co.* v. *Industrial Comm.*, 286 Ill., 632 (122 N. E., 113), where an employe left the place of his employment during the noon hour for lunch and was struck and killed by a train while crossing a railroad bridge, it was held that the decedent received the injury in the course of his employment, if he had a right to use the bridge, and that this was the only available way to reach the place where he was to eat his lunch.

In *De Constantine* v. *Public Service Comm.*, 75 W. Va., 32 (83 S. E., 88), where the employe was injured in the course of his travel from his home to his place of work, it is held that he is entitled to compensation if the place of injury is brought within the scope of his employment by the necessity of its use in going to and returning from his work. In the opinion the court say: "If the injury does not occur on the premises, but in close proximity to the place of work and on a road or other way intended and contemplated by the contract as being the exclusive means of access to the place of work, the same principle would apply and govern" as where the employe is on the premises.

This probably, is the limit to which the principle may operate, but I think the facts and circumstances bring the plaintiff's decedent well within this rule. She had no choice of egress from the premises except across this railroad over which the Porcelain Company had a permissive right for the use of its employes for ingress and egress to and from its plant. It was the one way available. It was the way and the only way provided by the company for the use of its employes in going in and out of the factory, and thus the crossing became not only an environment and a danger incident to the employment, but as between the company and its employes was an appurtenance to the premises and the plant itself. Holding this to be the effect of the agreed statement, and a conclusion warranted from the adjudicated cases to which I have called attention, my opinion is that the decedent was "killed in the course of her employment," and that her dependants are entitled to the compensation provided by law on account thereof. Counsel for plaintiffs will be allowed a fee in this case in the sum of $———; order accordingly.

In *Enoch B. Moomey, Guard.*, v. *Industrial Commission,* No. 20446 in this court, where the right of the claimant depends upon the same facts, the same order is made, except as to the amount to be paid him, about which there is no dispute. The attorney's fees in this case will be $———; order accordingly.