### Harry Hall, Appellant, v. William Scott, Appellee.

### Gen. No. 7,644.

1. EVIDENCE—*evidence that defendant insured against collision liability incompetent.* Evidence as to conversations between plaintiff and defendant, consisting largely of conclusions and statements as to defendant's having taken out insurance which covered liability for collisions while his car was being driven by other members of his family, including the driver at the time of the collision in suit, is incompetent in an action for damages to plaintiff's car by collision with that of defendant.

2. HIGHWAYS AND STREETS—*liability of owner of automobile for negligent driving by member of family.* The owner of an automobile is not liable, as a matter of law, for damages to plaintiff's automobile in a collision with defendant's car, where the evidence shows that defendant, who lived with his parents and younger brother, purchased the car as a pleasure car for the benefit of himself and family, that the brother had defendant's general permission to use the car whenever he wanted it for his own pleasure and that at the time of the collision in suit he was driving it for his own pleasure and not on any business for the owner.

Appeal by plaintiff from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed October 26, 1923.

IUNGERICH & CHAPMAN, for appellant.

DOBBINS & DOBBINS, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

Appellant brought suit against appellee to recover damages to appellant's automobile alleged to have been sustained by reason of its having been struck by appellee's automobile in consequence of the negligent manner in which appellee's automobile was being managed and controlled. The suit was originally brought against appellee and his brother, Vernon Scott, who was the driver of appellee's car at the time of the accident. A plea of the general issue was filed by appellee and also a special plea denying that Vernon Scott was his servant or agent. During the trial appellant dismissed the cause as to Vernon Scott and the trial proceeded against appellee alone. At the close of appellant's evidence, on motion of appellee, the court instructed the jury to find appellee not guilty. Motion for new trial having been overruled, judgment was rendered for appellee against appellant in bar of the action and for costs, from which judgment this appeal has been taken.

It is urged that the court erred in refusing to allow evidence of a conversation between appellant and appellee. The matters alleged to have been stated were largely conclusions and not statements of evidentiary facts and statements as to appellee's having taken out insurance which covered liability for collisions while the car was being driven by Vernon Scott and other members of the family. These matters were clearly incompetent. Appellant was not prejudiced by the refusal to allow evidence of the only competent admission of an evidentiary fact for the reason that appellee, when called as a witness by appellant, testified to the fact which appellant sought to prove by his admission. The court did not err in refusing to admit the evidence offered.

It is claimed by appellant that the verdict was contrary to the law and the evidence. The vital question

in the case is, does the evidence show or tend to show a liability on the part of appellee for the acts of Vernon Scott on the occasion in question? Appellee, who was an Illinois Central Railroad trainman, was an unmarried man, residing in Urbana with his parents and younger brother Vernon, who was twenty years of age. The evidence showed that appellee purchased the Ford car in question as a pleasure car for the benefit of himself and the members of his family; that Vernon was in the habit of taking the car out whenever he wanted it; he had a set of keys and had general permission to use the car whenever he wanted it; that at the time in question he was not engaged in business for appellee; that he was driving the car for his own pleasure; that he was not engaged in any act or duty for appellee and not doing anything for appellee; that he had permission to drive the car for his own pleasure but not on any business for appellee.

The case which approaches this case most clearly in this State is the case of *Arkin v. Page*, 287 Ill. 420, the main difference in the cases being that in the *Arkin* case the driver of the car was the son of the owner and in the present case the driver was the brother of the owner. In the *Arkin* case among other things it was said:

"A parent is not liable for the tort of his minor child merely from the relationship. * * * An automobile is not so dangerous an agency as to make the owner liable for injuries caused by it to travelers on the highway, regardless of the agency of the driver. * * * The owner of an automobile is not liable for an injury occasioned by the negligent use of the machine by his servant if the servant was at the time at liberty from the service of his master and not engaged in doing his master's business but was pursuing his own interests exclusively. * * * The liability of Seth H. Page, if any, must rest upon the agency of George J. Page. * * * It seems rather a fantastic notion that a son in using the family automobile to take a ride by himself for pure pleasure is the agent

of his father in furnishing amusement for himself.''

Appellant seeks to apply to this case the decision in the late case of *Graham v. Page,* 300 Ill. 40, where a father was held liable for an injury caused by the negligent driving of his family pleasure car by his minor child, but in the later case the rule laid down in *Arkin v. Page, supra,* where referred to in the opinion, is not overruled or modified but the cases are differentiated. In *Graham v. Page, supra,* with reference to *Arkin v. Page,* the court said:

''The facts in that case did not present the question as it is presented here. In this case defendant's daughter was not merely driving the car for pleasure but was using it on a family errand—one of the purposes her father testified he kept the car for and one of the purposes he testified his daughter was authorized to drive it for. * * * She was performing the business and duty of her father in the manner and with the means authorized by him. She was, if not the servant, at least the agent of her father in the performance of the duty or business. Liability does not, of course, rest on the mere relationship of parent and child.''

In *Orr v. Thompson Coal Co.,* 219 Ill. App. 116, in discussing the liability of the owner of a motor vehicle for the negligent acts of the driver of the car, the court said:

''The liability of the master to answer for the conduct of his servant is founded on the control or superintendence which the master is bound to exercise over his servant, for the safety of other persons. It is based on the maxim *qui facit per alium facit per se.* The rule of *respondeat superior,* as its terms import, arises out of the relation of superior and subordinate, is coextensive with it and ceases when the relation itself ceases to exist. *Clark v. Fry,* 8 Ohio St. 358. The primary test to determine the master's liability for the negligent act of his servant is whether the act was within the scene of his employment or whether the servant was at the time of the act at liberty from

the service of his master and not engaged in doing his master's business, but was pursuing his own interests exclusively. 26 Cyc. 1525; *Arkin v. Page,* 287 Ill. 420; *Weiner v. Mairs,* 234 Mass. 156, 125 N. E. 149; *Chicago Consol. Bottling Co. v. McGinnis,* 86 Ill. App. 38.''

The evidence in the present case does not show that at the time of the accident Vernon Scott was driving the car in the performance of any duty or business of appellee but, on the other hand, it conclusively shows that he was driving it solely for his own pleasure.

The evidence in the case does not show or tend to show any liability on the part of appellee and the court therefore did not err in instructing the jury to find the defendant not guilty.

The judgment is affirmed.

*Affirmed.*