# CASES

DETERMINED IN THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1926 AND 1927.

---

## Thomas E. Freehill, by Bernard Freehill, Appellee, v. Consumers Company, Appellant.

### Gen. No. 30,935.

1. MASTER AND SERVANT—*when servant performing personal errand is within scope of employment.* In an action against an ice company for injuries caused by its ice truck driver's negligence, the ice truck delivery man while driving outside the route assigned by his employer to his home to change his wet and tight shoes for dry ones is still within the scope of his employment so as to make his employer liable for injuries caused by his negligence while so employed.

2. MASTER AND SERVANT—*profit from acts outside territory of servant as affecting scope of employment.* In action against ice company for injuries caused by its ice truck driver's negligence, a charge made by the company against its driver for ice delivered outside his assigned route prevents it from claiming that injuries inflicted by the driver's negligence while so delivering were done outside the scope of his employment.

3. APPEAL AND ERROR—*when verdict on conflicting evidence not disturbed.* In action against an ice company for negligently injuring a child, conflicting evidence as to whether a boy near four years of age, found underneath the company's ice delivery truck after it was backed three feet, was injured while trespassing on the truck, does not warrant court in overriding jury's verdict for plaintiff.

4. HIGHWAYS AND STREETS—*instructions in action for injury to child by backing truck.* In an action against an ice company for negligently injuring a child an instruction based on a count of the com-

1

plaint which alleged injuries to a child of near four years of age from the company's truck driver backing his truck upon the child after leaving the truck unattended so that the child was attracted to it, is good even omitting the latter allegation of attractive nuisance.

5. NEGLIGENCE—*when attractiveness of ice truck to children may be considered.* In an action against an ice company for negligently injuring a child, proof that the company's ice delivery truck, left standing unattended in the street, was so attractive to children of tender years that plaintiff, about four years of age, came close and was injured by driver's negligent backing of the truck, may be considered by the jury to determine whether the driver was guilty of such negligence as to be the proximate cause of the child's injury, even though the latter had gotten on the truck before his injury.

6. INSTRUCTIONS—*when not erroneous as ignoring defense.* In an action against an ice company for negligently injuring a child, an instruction referring to the plaintiff, a child of near four years of age, as "engaged in play in the said highway around and about the wheels" of the company's ice delivery truck, is not objectionable as ignoring the defense that plaintiff was a trespasser.

7. HIGHWAYS AND STREETS—*when instruction not erroneous as imposing too great care on truck driver.* In an action against an ice company for negligently injuring a child, an instruction that "If you further believe that the said driver, by using his faculties with ordinary care," could have seen the plaintiff, a child of near four years of age, in time to prevent backing an ice delivery truck against him, does not demand active effort of the driver to protect plaintiff.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HARRY W. McEWEN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1926. Affirmed. Opinion filed December 29, 1926.

CASSELS, POTTER & BENTLEY and W. J. O'BRIEN, for appellant; RALPH F. POTTER, of counsel.

RYAN & ROSENTHAL, for appellee; JOSEPH D. RYAN, of counsel.

MR. PRESIDENT JUSTICE TAYLOR delivered the opinion of the court.

This is an action on the case to recover damages for personal injuries. The plaintiff obtained a verdict and judgment for $7,500, and the defendant appeals.

Freehill v. Consumers Co., 243 Ill. App. 1.

The declaration contains two counts, in each of which it is alleged that on May 6, 1921, the defendant, the Consumers Company, was engaged in selling and delivering ice to its patrons in the City of Chicago, and operated a certain electric motor truck, which was being driven in the business of the defendant by its agent and servant on Evans Avenue, near its intersection with Forty-sixth Street, in Chicago, both of which highways were, on the day in question, much frequented and used by divers children of tender years.

The first count alleges, further, after stating the duty of the defendant, that the defendant through its agent and within the scope of his employment in the business of the defendant, so carelessly, negligently and improperly managed and operated the said electric motor truck, and so carelessly, negligently and improperly started and moved it from a standing position in Evans Avenue, near where Evans Avenue is intersected by Forty-sixth Street, that as a result of the negligence of the defendant, the motor truck struck the plaintiff, a child of the age of three years and eight months, while he was playing in the street in close proximity to the wheels of the truck, and seriously injured him.

The second count alleges further that the defendant, through its agent, acting within the scope of his employment in the business of the defendant, stopped the truck in Evans Avenue, near Forty-sixth Street; that the truck at the time was partly loaded with ice, and while it remained standing in the street, it became and was an attraction to children of tender years, and did in fact attract the plaintiff and other small children; that the children engaged in play about the wheels, and other parts of the truck standing there; that while the plaintiff was playing in the street around the truck and close to the rear wheels and in an obviously dangerous position, in the event that the truck should be started and moved, all of which facts and

circumstances were known to the agent of the defendant, or would have been known by him had he exercised ordinary and reasonable care for the safety of the plaintiff, the agent of the defendant, notwithstanding his duty, so carelessly, negligently and improperly drove, managed and operated the truck, and so carelessly, negligently and improperly started and moved the truck both forward and backward from its standing position, that the truck struck the plaintiff, and by reason of the negligence of the defendant, he, the plaintiff, was seriously injured.

The defendant filed a plea of the general issue, and also a special plea. By the latter, the defendant alleges that it was not operating, controlling or managing the truck in question; that the driver of the truck at the time and place in question was not its agent or servant, and that the truck was not being driven for any of the uses or purposes of the defendant, or in the furtherance of or prosecution of any of its matters or business.

The plaintiff, Thomas E. Freehill, on June 6, 1921, the date of the accident, was three years and nine months old, and lived with his parents in an apartment at the northeast corner of Evans Avenue and Forty-sixth Street, Chicago. The truck by which the plaintiff was injured was an electric motor truck, used for the purpose of distributing ice, and belonged to the defendant. Just prior to the accident, it had been stopped with a small load of ice in it, in front of 4549 Evans Avenue, on the east side of the street, which was the number of the second building north of the apartment building in which the plaintiff lived. Evans Avenue is a north and south street, and Forty-sixth Street is an east and west street.

On the day in question, and for a long time prior thereto, the defendant company was engaged in the business of selling and delivering ice to its customers. For the purpose of delivering ice by its electric trucks,

Freehill v. Consumers Co., 243 Ill. App. 1.

it assigned two employees to each truck. They were commonly known as driver and helper. In reality, their duties were interchangeable, and each one took turn about in driving the truck and delivering ice to customers.

For convenience in the transaction of its business, the defendant had divided that portion of the city which it supplied with ice into routes or districts. A route or district would be assigned to a driver and helper, with the restriction that they were not authorized, except in special cases and by special directions, to deliver or sell ice outside of their particular district. The truck which struck the plaintiff, on the day in question, was in charge of Monkus and Lundorf. The route, or territory, to which they were assigned, was bounded on the south by Fifty-first Street, on the north by Forty-ninth Street, on the east by Cottage Grove Avenue, and on the west by Grand Boulevard. No part of Evans Avenue, which runs north and south between Grand Boulevard and Cottage Grove Avenue, was in their territory. The next route to the north was bounded on the south by Forty-ninth Street, and on the north by Forty-seventh Street. Lundorf lived at 4549 Evans Avenue, between Forty-fifth and Forty-sixth Streets. Early in the afternoon of the day of the accident, in the course of making deliveries of ice, the truck in question was stopped near the gate of St. Xavier's School, near the corner of Forty-ninth Street and Langley Avenue, the latter street being the next west of Evans Avenue. There, Monkus, who had been driving the truck, got down and went into the school to ascertain if any ice was needed. At that time Lundorf and Monkus were about at the end of their route, and their deliveries for the day were almost completed. While Monkus was in the premises at the corner of Forty-ninth Street and Langley Avenue, Lundorf, whose feet were wet, and whose shoes were wet and too tight and hurt

him, drove the truck to 4549 Evans Avenue, where he lived, to change his shoes. Reaching there, he stopped his truck immediately behind the automobile of his landlord, which was parked in front. He went into the house, changed his shoes, and returned to the truck.

While Lundorf was in the house, the plaintiff, a boy three years and nine months old, with two other small children, began playing in the rear of the truck. Whether any of them got into the truck, or on the steps, or remained all together in the street, is in controversy. When Lundorf came out, he got on to the front end of the truck, and being too close to the automobile in front to permit driving ahead, he backed south three or four feet, and in doing so, the truck struck the plaintiff, crushing his pelvis between some portion of the truck and the street. When picked up, he was under, about, the middle of the truck.

The errors relied upon for reversal are as follows: (1) That a verdict should have been directed for the defendant at the close of all the evidence, because there was no evidence of defendant's negligence, the undisputed evidence showing that the driver of the truck was not at the time acting in the course of his employment, and the truck was not then being used in the business of the defendant; (2) that the plaintiff was a trespasser on the truck, and neither wilful nor wanton negligence was alleged or proved, and (3) that the court erred in giving and refusing certain instructions.

(1) Was Lundorf acting within the scope of his employment at the time in question; that is, was Lundorf, when he drove over from a point near the corner of Forty-ninth Street and Langley Avenue, to 4549 Evans Avenue, where he lived, in order to change his shoes on account of his feet and shoes being wet, and his shoes too tight and hurting his feet, and to deliver some ice—if he did so—and then went out and backed

the truck, which resulted in the injury complained of, acting within the scope of his employment?

The contention that Lundorf went beyond his authorized route, and was acting outside of his employment, and that the truck was not then being used in the business of the defendant, overlooks the fact that the scope of employment is a somewhat flexible phrase, and according to the decisions, embraces many acts and motions that in and of themselves seem to be purely personal, and not those of an agent. Illustrative of this point, are the words of the court in *Steel Sales Corp. v. Industrial Commission*, 293 Ill. 435: "An employee while at work for his employer may do those things which are necessary to his own health and comfort, even though they are personal to himself, and such acts will be considered incidental to his employment." Citing *Rainford v. Chicago City R. Co.*, 289 Ill. 427; *Nelson R. Const. Co. v. Industrial Commission*, 286 Ill. 632; 1 Honnold on Workmen's Comp. sec. 111; *Papinaw v. Grand Trunk Ry. Co.*, 12 Neg. & Comp. Cas. Ann. (Ill. Ed.) 243, and cases cited in note; Harper on Workmen's Comp. sec. 39; Corpus Juris, Treaties on Workmen's Comp. Acts, sec. 69.

There is now quite a volume of decisions in the courts dealing with the subject of deviation on the part of the servant. A great number of them are collated in Berry Automobiles, 5th Ed. sec. 1251 *et seq.* In section 1251, that author says: "A mere deviation by the servant from the direct route, or from the strict course of his duty, will not relieve the master from responsibility." An examination of the cases discloses that the courts, with great unanimity, have decided that if there is any substantial evidence tending to prove that the deviation was within the scope of the servant's employment, it must be submitted to the jury.

In *Blaker v. Philadelphia Elec. Co.*, 60 Pa. Super. Ct. 56, where an employee, while returning the de-

fendant's automobile to the garage, had to stop and change a tire in the rain, and, his clothing becoming wet, instead of returning to the garage immediately, he drove to his home, in another part of the city, had his supper, changed his clothes, and started to return to the garage, and then, further, while returning went out of his way several blocks to get some cigars, and while doing so negligently struck and injured some children, it was held that the question of whether the accident occurred while he was acting within the scope of his employment was for the jury. In affirming the judgment, the court said:

"His clothing became wet from the rain while engaged in his master's business. To enable the chauffeur to properly attend to the duties of his master he must be in fit physical condition to perform his services. This condition of the servant is of as much concern to the master and is as much related to the business of his employment as is the repair of the car. If, in the service of the master, the servant, from the happening of an unexpected event caused by the operation of the car, is injured or placed in a position that sickness may result, in order to further continue his master's business, the use of the car in relief of that condition, that his master's business may be facilitated, in such an act arising from emergency from which scope of employment might be presumed. * * * When he went to change his clothing it was as much for the master's benefit as it was for the convenience of the servant."

In *Devine v. Ward Baking Co.*, 188 Ill. App. 588, where an employee was engaged to drive a bakery truck over a certain route, and, counter to the instruction of his employer, made a trip off his route to take a person home, and after finishing the side trip, and while returning to the bakery, ran over a boy in the street, it was held that at the time of the accident he was driving the truck in the regular line of his employment.

In *Chicago Consolidated Bottling Co. v. McGinnis,* 86 Ill. App. 38, where the driver of a wagon, who was engaged in delivering his master's property, drove a few blocks out of his regular route in order to call upon his wife, and, after leaving the house and was again proceeding on his employer's business, injured the plaintiff, a boy who was upon the step in front of the driver, the court said: "If the servant, in driving his master's team on his master's business, chooses an indirect route, or deviates from his direct route for purposes of his own, and is yet engaged in performing the master's work in such indirect manner, the master may still be held liable. In order to make it the servant's act alone there must be a turning away from the master's service and an entering upon an affair which is the affair of the servant only."

In the instant case there was evidence tending to show that prior to the day in question the defendant's truck was seen a number of times at the place where the accident occurred, in charge of Lundorf; that on a number of occasions prior to the accident, Lundorf had delivered ice from the same truck, or one similar to it, not only to the house in front of which the accident took place, being the house where he lived, but to another house across the street; that just prior to the accident the truck had been standing in the street partly loaded with ice; that Lundorf was seen to leave his boarding house with an ice pad and tongs, and put them on the truck just before he got on the truck and started backing; that Lundorf and his associate, who had joint control of the truck on the day in question, had authority to determine when and where, in the course of their working time, they were to eat their lunch, and authority to drive the truck wherever they pleased for that purpose, and as a matter of practice usually drove outside of their prescribed territory to have their lunch; that Lundorf, his feet being wet and his shoes wet and tight and hurting his

feet, drove to the place in question, where he lived, in order to relieve his feet by putting on another pair of shoes; and that he changed his shoes, and then went out and got on the truck and started and backed it up, preparatory to going back to where he had left his associate, in order to finish the day's deliveries of ice. In our judgment, that evidence was properly submitted to the jury, and the motion, at the close of all the evidence, to direct a verdict for the defendant, was properly overruled.

Although when Lundorf started from the school and deviated from the jurisdiction prescribed by his employer, there was then, physically, a temporary abandonment of the direct purpose for which he was employed, that is, the delivery of ice, and the truck was then being driven, seemingly, entirely for his personal convenience and comfort, still, it must be borne in mind that Lundorf himself, not being a mere machine, but, instead, subject to the many infirmities and necessities common to man, must be considered entitled—it being implicit in the contract of employment—to go on the errand he did and still be legally acting within the scope of his work or employment. Further, deviation may be said to have taken place as much for the benefit of his employer as for himself.

There is also the evidence, that of Lundorf and others, that he had delivered ice at least two or three times to his boarding house; and that—as the defendant each day charged him and his associate with all the ice they started out with and credited them in the evening with what they had left, less shrinkage, and, when they came back, it was necessary for them to report all they had delivered—if they gave any away, it came out of their own pockets and the defendant profited by it. That, also, as we have intimated, was proper evidence to be submitted to the jury. If the defendant profited by the delivery of ice to Lundorf's boarding house, it is not entitled to claim that at the

time of such delivery he was acting beyond the scope of his employment; acceptance of profit is incompatible with repudiation of employment. *Weis Paper Mill Co. v. Industrial Commission,* 293 Ill. 284. *Rainford v. Chicago City R. Co.,* 289 Ill. 427.

(2) Was the plaintiff a trespasser? As to the question whether or not the plaintiff was on the truck at the time it was backed up, we think there was ample evidence to justify its submission to the jury. Krause said, ''There were some children playing in the rear of it, say about one foot in the rear of it * * *. He started off in backing up on top of these children, and I yelled for him to stop.'' On the other hand, two witnesses for the defendant, both of whom lived across the street, testified to the contrary. One, Mr. Norgaard, testified that the plaintiff and two other boys were all on the step, and that when driver started to back up the truck, they jumped from the truck, and two of them got underneath. The other, Mrs. Murnane, testified that her son and the plaintiff were on the step, although she further testified that she did not see accident when it happened, but saw the situation immediately afterwards. Lundorf testified that he did not see the children. He also testified, and it is not contradicted, that he backed the truck to the south only three or four feet. The evidence also shows that when the boy was picked up and taken out from under the truck, he was at that time under about the middle of the truck. The latter evidence, of course, is somewhat inconsistent with the theory that the plaintiff was on the step of the truck, or inside the truck, when it started to back up. If it moved backwards only three or four feet, it would be highly improbable that the plaintiff's body would be found under the middle of the truck. In any event, we think the evidence on the subject was properly submitted to the jury, and that we are not entitled to override their verdict in so far as it involves that subject.

(3) As to the instructions. It was objected by the defendant that the court erred in giving plaintiff's instruction numbered 6, on the ground that there was no evidence in the record tending in the slightest degree to support the allegations of the second count that the truck, as it stood at the curb immediately before the accident, constituted an attractive nuisance.

Instruction numbered 6 undertook merely to inform the jury of the allegations which the plaintiff had made in the second count of his declaration. From an examination of the second count as hereinbefore set forth in this opinion, it is obvious that there were sufficient allegations in the count to sustain the plaintiff's right to recover, even if the allegations that the truck was an attraction to children of tender years, and did in fact attract the plaintiff and other small children, were omitted or disregarded. Further, the allegations that the truck was an attraction to children, and did, in fact, attract them, were charges which, if proved, the jury had a right to consider in determining whether or not Lundorf was guilty of negligence in backing the truck, even though the plaintiff was on the step or in the truck; and the jury might reach the conclusion that he was guilty of negligence, which was the proximate cause of the injury, without considering him guilty of inflicting the injury wantonly and wilfully.

As to instruction numbered 1, offered by the defendant and refused, and which requested the court to instruct the jury that there was no evidence tending to support the charges of negligence made in the second count of plaintiff's declaration, it was properly refused, as, in our judgment, there was evidence to that effect.

In support of the objection made for the defendant that the court erred in giving instruction numbered 7 for the plaintiff, it is claimed that it ignored the defense that the plaintiff at the time of, and immediately

before, the accident was a trespasser upon its truck. We do not think that contention is tenable, as it specifically and only refers to the plaintiff as "engaged in play in the said highway around and about the wheels and other parts of the said truck," and in no way refers to the plaintiff as engaging in play on or within the truck; in other words, it only covers play in the highway and not within the truck. The instruction is also criticised on the ground that it imposes upon the driver of the truck the duty of using his faculties in an active endeavor to protect the plaintiff in a position of danger at the rear of the truck. But the instruction uses this language: "If you further believe that the said driver, by using his faculties with ordinary care in looking out for danger, could have seen the plaintiff," and as the driver was bound to exercise ordinary care, those words in the instruction were entirely proper. *Liska v. Chicago Rys. Co.,* 318 Ill. 570; *Chicago W. D. Ry. Co. v. Ryan,* 131 Ill. 474.

It is claimed that error was committed in giving instruction numbered 8 for the plaintiff. Considering the evidence and the law as we have set them forth above, in our judgment it was properly given.

It is claimed for the defendant that it was error to give instruction numbered 9 for the plaintiff; that there was no testimony tending to support the contention that Lundorf was on an errand in any way pertaining to the business of the defendant at the time of the accident; but that he was driving the truck back to the route or territory where his duties lay. It is our opinion, as we have intimated above, that there was ample evidence for the jury that Lundorf was acting within the scope of his employment, not only when he went home to change his shoes, but when he started back, and at the time the accident occurred.

For the reasons set forth, the judgment will be affirmed.

*Affirmed.*

O'CONNOR and THOMSON, JJ., concur.