(No. 4270—

MAE AKIN, WIDOW, ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1950.*

WAYNE P. WILLIAMS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Mae Akin, widow of Russell Akin, filed her complaint on February 11, 1950, seeking an award under the Workmen's Compensation Act for the death of her husband on July 21, 1949, as a result of injuries sustained on July 18, 1949 in an automobile accident, arising out of and in the course of decedent's employment by the respondent. At the time of his death,

Russell Akin was employed by the Department of Revenue of the State of Illinois as an investigator.

At the time the accident occurred, Mr. Akin was on his way to Springfield. Mr. Don Irving, an employee of the Secretary of State, was driving the automobile at the time the accident occurred, approximately five miles east of Jacksonville, Illinois. Mr. Irving was driving a 1949 Ford automobile, which was owned by the State of Illinois at the time of the accident. Mr. Akin and Mr. Irving had made an arrangement between themselves to go to Springfield. Mr. Akin's work required him to travel. He normally used his own car, and was allowed mileage by the State of Illinois for the use of his car in his employment.

The record consists of the complaint, departmental report, transcript of evidence, statement, brief and argument of claimant, and statement, brief and argument of respondent.

The record shows that Mr. Akin intended to visit the office of Charles V. Morris, the Supervisor of Investigation of the Department of Revenue, while in Springfield. The claimant, however, does not deny the rule of the department in which the deceased worked, which precluded the deceased from traveling to Springfield as a part of his employment in the department. The rule is set forth as a part of the Departmental Report, which has been made a part of the record. The provision is as follows:

(D) *Contacting the Springfield Office*

"When you find it necessary to make a trip to the Springfield Office, you must first submit your request in writing to the office, explaining your reason for coming in, and, upon receipt of this letter, we will notify you whether or not the trip may be made. It is necessary that you adhere to this policy if you expect to be reimbursed for your trip to Springfield. Attach a copy of such requests to your monthly expense account.

You are not to contact the Springfield Office by telephone except in unusual instances where a letter will not accomplish the end desired. Take up everything possible with the field supervisor."

The Claimant makes no proof that the deceased complied with this rule, nor does she deny that the rule existed. The claimant contends that certain evidence was improperly excluded. However, we do not feel that this would change the opinion of the Court.

It is a well established rule that an employee, who receives injuries while performing acts prohibited by the rule of the employer, is not entitled to compensation.

*Dietzen* v. *Ind. Bd.,* 279 Ill. 11;
*Nelson Construction Co.* v. *Ind. Com.,* 286 Ill. 632;
*Lumaghi Coal Co.* v. *Ind. Com.,* 318 Ill. 153;
*Steel Corporation* v. *Ind. Com.,* 385 Ill. 504;
*Paluchowski* v. *State,* 9 C.C.R. 492.

One who is employed to work in a certain field of endeavor, who departs from that work without authority, and is injured in such work, is not entitled to an award under the provisions of the Workmen's Compensation Act. The death of decedent did not arise out of and in the course of his employment.

Award is denied, and the complaint dismissed.

Henry P. Keefe, reporter, has rendered a statement for $27.20 for the reporting and transcribing of the notes.

An award is, therefore, entered in favor of Henry P. Keefe for reporting and transcribing the testimony in this case in the amount of $27.20.